UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:04-cv-11663-RCL

| | |
|---|---|
| DIANE HARRINGTON, On Behalf of Herself and All Others Similarly Situated,<br>           Plaintiff,<br><br>v.<br><br>BAYSTATE MEDICAL CENTER, et al.<br>           Defendants | MOTION TO DISMISS OF DEFENDANTS BAYSTATE MEDICAL CENTER, INC. AND BAYSTATE HEALTH SYSTEM, INC. |

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Baystate Medical Center, Inc. ("BMC") and Baystate Health System, Inc. ("BHS") (collectively "Baystate") move to dismiss all claims against them in the Complaint-Class Action ("Complaint") in this matter. As discussed more fully in the Memorandum in Support of Motion to Dismiss of Defendants Baystate Medical Center, Inc. and Baystate Health System, Inc. ("Memorandum"), which is filed herewith, plaintiff's Complaint fails to state a claim upon which relief can be granted.

Plaintiff alleges, in essence, that she received medical treatment at BMC (the largest hospital in western Massachusetts) in April, 2002; that she was charged undiscounted rates for that treatment, which exceeded the amount which would have been charged to insured patients; and that, when she did not pay for such treatment, Baystate engaged in aggressive efforts to collect the debt, including obtaining a judgment against her for $2,983. *See, e.g., Complaint*, ¶¶ 25-27, 44-47. Based on these underlying facts, plaintiff seeks in this Complaint to proceed with an individual and class action that challenges the way uninsured patients are billed for medical care. This Complaint is one of over fifty putative class actions filed by a group of loosely affiliated plaintiffs' lawyers against non-profit hospitals and hospital systems across the United States. The cornerstone of plaintiff's case, and the numerous other similar putative class actions,

is the theory that nonprofit hospitals such as Baystate entered into an express or implied contract with the federal, state, and local governments to, among other things, "provide mutually affordable medical care to all of its patients" in return for substantial tax exemptions. *See, e.g., Complaint,* ¶¶ 29-30. Plaintiff claims, among an assortment of other claims, that Baystate breached these contracts, violated M.G.L. c. 93A, and engaged in civil rights violations. *See, e.g., Complaint*, ¶¶ 65-73, 85-95, 133-63.

As is discussed more fully in the Memorandum which is filed herewith, plaintiff failed to assert any of the claims she makes in this case in the collection action brought against her, and she is therefore precluded by the judgment in that earlier action from making the claims she asserts in this case. In any event, none of the counts in her Complaint state a claim upon which relief can be granted. There is no contract between the government and entities, such as Baystate, which qualify for tax-exempt status. Even if there were such a contract, the statutes providing for tax-exemptions do not provide private plaintiffs with the right to file an action to enforce those obligations, and plaintiff is not a third-party beneficiary of, and has no standing to enforce, any such contract. Plaintiff's other claims similarly fail to state claims upon which relief can be granted.

Private litigation of this ilk is an inappropriate vehicle for a national referendum on the billing and collection activities of non-profit, tax-exempt hospitals. *See, e.g., Complaint,* ¶¶ 1-8. Certainly, our nation faces challenges providing medical care for the uninsured and underinsured. Non-profit hospitals and health systems, like Baystate, provide enormous amounts of free and discounted medical care, as well as other essential community benefits. They are often the only health care safety net in their communities for indigent and uninsured persons. The Commonwealth of Massachusetts has established a comprehensive regulatory scheme, in

which Baystate participates, for the provision of health care to the indigent uninsured in this State.  The Massachusetts "Uncompensated Care Pool," is a health care safety net for low-income uninsured and underinsured people in Massachusetts.  *See* M.G.L. c. 118, § 18G, and 114.6 CMR 7.00, *et seq.*   Although the health care system in the United States, particularly for the uninsured, may not be perfect, plaintiff's lawyers clearly have attacked the wrong target, in the wrong forum.  To the extent plaintiffs' lawyers actually seek to change national health care policy and improve the plight of the uninsured (rather than simply seek large attorneys' fees), the federal and state legislature -- and not the federal court -- are the proper branches of government in which to seek such change.

For the reasons set forth above and in the accompanying Memorandum, all of the claims against BMC and BHS in plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## Request for Oral Argument

BMC and BHS believe that oral argument may assist the Court and hereby request oral argument on this motion.

        Respectfully submitted,

        The Defendants
        Baystate Medical Center, Inc.
        and Baystate Health System, Inc.
        By Their Attorneys:


        /s/  Francis D. Dibble, Jr.
        Francis D. Dibble, Jr.
         BBO No. 123220
        J. Michael Scully
         BBO No. 555460
        Carol E. Kamm
         BBO No. 559252
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA  01115
        Tel.:  (413) 781-2820
        Fax:  (413) 272-6804

Dated:   September 9, 2004


Certificate of Compliance with Local Rule 7.1 (A)(2)

    I hereby certify that I conferred with plaintiffs' counsel and have attempted in good faith to resolve or narrow the issues raised by this motion.

        /s/  J. Michael Scully
        J. Michael Scully

277893