IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIANE HARRINGTON, On Behalf of          )
Herself and All Others Similarly Situated,   )
                                        )        Civil Action No.: 04-11663RCL
        Plaintiff                       )
                                        )
vs.                                     )
                                        )
BAYSTATE MEDICAL CENTER,                )
BAYSTATE HEALTH SYSTEM, INC.,           )        **SPECIAL ACTION REQUESTED**
AMERICAN HOSPITAL ASSOCIATION, and      )
JOHN DOES 1 THROUGH 10.                 )
                                        )
        Defendants.                     )
_____ )

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION ("MDL")

Plaintiff moves the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an order staying any and all proceedings, discovery, and the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, or motions by either party until this case is transferred to a single district court for coordinated and/or consolidated pre-trial proceedings. As grounds for this motion, the Plaintiff states the following:

1.      This action is one of, at last count, approximately 40 actions in 21 federal districts asserting claims arising from the nationwide practice of not-for-profit hospitals charging discriminatory, disparate, and inflated rates to their uninsured patients. Under the authority of 28 U.S.C. §1407, several claimants have filed with the Judicial Panel on Multidistrict Litigation ("MDL" or "Judicial Panel") a Motion to Transfer and Consolidate all of the pending litigation to a single district court for such treatment. The MDL has entitled the proceedings "In re Not-For-Profit Hospitals/Uninsured Patients Litigation," MDL No. 1641.

2.    A hearing before the Judicial Panel has been set for September 30, 2004. See Exhibit A.  Plaintiff has filed a notice of potential tag-along action with the Judicial Panel. See Exhibit B.  Plaintiff believes that there is a strong likelihood that the Judicial Panel will grant the pending motions, that this case may be identified as a "tag-along" action, and that the MDL thereafter may issue a Conditional Transfer Order transferring this case.

3.    There are common legal questions that predominate in all of the cases currently seeking consolidation in the MDL.  All of these cases involve the practice of overcharging uninsured patients for health services.  In many of the other proceedings, defendants have filed motions to dismiss.  The resolution of these motions to dismiss will require the courts to interpret, among other things, certain provisions of federal law and make rulings based on those interpretations.

4.    The Plaintiff is aware that the Defendants intend to file a motion to dismiss, for which the deadline for filing is today — September 9, 2004, and the Plaintiff expects that this motion will be similar in substance to the other motions that have been filed by the not-for-profit hospital defendants in the proceedings in other jurisdictions.

5.    A stay pending the determination of whether the case will be transferred to MDL will serve two key purposes. First, it will prevent the Court from expending judicial resources on hearing and ruling on a motion to dismiss (and other motions) that may be obviated if the case were to be subsequently transferred.  Second, in the event that the case is transferred, the danger of different courts in different federal jurisdictions reaching different interpretations of federal law will be avoided.

6.    As this Court is aware, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of

2

time and effort for itself, for counsel and for litigants. See Sevinor v. Merrill Lynch, Pierce,

Fenner & Smith, Inc., 807 F.2d 16, 20-21 (1st Cir. 1986); Cannavo v. Enterprise Messaging

Servs., 982 F. Supp. 54 (D. Mass. 1997). The Court has the inherent power to stay proceedings

pending the resolution of related issues in another forum.  See Goldhammer v. Dunkin' Donuts,

Inc., 59 F. Supp. 2d 248, 251 (D. Mass. 1999).  In view of the likelihood that this action will be

consolidated with the other cases involving the pricing practices of not-for-profit hospitals with

their uninsured patients, a stay would serve the interests of judicial economy.

      8.    Plaintiffs request that the stay shall remain effective for: (a) in the event the

action is transferred to the MDL court, sixty (60) days after the transfer to the MDL Court, or

until as otherwise ordered by the MDL court; or (b) in the event the action is not transferred,

thirty (30) days from which this Court receives notice from one or more of the parties that a

decision was made not to transfer the action.


      WHEREFORE, the Plaintiff respectfully moves for an order staying any and all

proceedings, discovery, and the period for initial disclosures pursuant to Rule 26 of the

Federal Rules of Civil Procedure, or motions by either party, such stay to remain effective

for:

      (a) in the event the action is transferred to the MDL court, sixty (60) days after the

transfer to the MDL Court, or until as otherwise ordered by the MDL court; or

      (b) in the event the action is not transferred, thirty (30) days from which this Court

receives notice from one or more of the parties that a decision was made not to transfer the

action.

Respectfully submitted,

DIANE HARRINGTON, On Behalf of Herself and
All Others Similarly Situated
By her Attorneys,

**Dated: September 9, 2004**

_____

Thomas M. Greene, Esq. (BBO#210020)
Ilyas J. Rona, Esq. (BBO#642964)
Greene & Hoffman, P.C.
125 Summer Street, Suite 1410
Boston, MA 02110
Tel: (617) 261-0040
Fax: (617) 261-3558

CO-COUNSEL:

John W. Crongeyer, GA Bar No. 197267
Bryan A. Vroon, GA Bar No. 7298086
Vroon & Crongeyer, LLP
1230 Peachtree Street, Suite 2450
Atlanta, Georgia 30309
Telephone: (404) 607-6710
Facsimile: (404) 607-6711

Don Barrett, Esq.
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, Mississippi 39095
(662) 834-2376

Keith M. Fleischman, KF-0199
Ronald J. Aranoff, RA-4690
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 799-1414
Facsimile: (212) 799-3218

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Ilyas J. Rona, hereby certify that, pursuant to Local Rule 7.1, I have conferred with J. Michael Scully, counsel for the Baystate Defendants, by telephone and have attempted in good faith to resolve or narrow the issue that is the subject of this motion, but was unable to do so.

_____

Ilyas J. Rona

4

## CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage pre-paid, and facsimile on September 9, 2004.

_____
Ilyas J. Rona

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE HARRINGTON, On Behalf of<br>Herself and All Others Similarly Situated,<br><br>      Plaintiff<br><br>vs.<br><br>BAYSTATE MEDICAL CENTER,<br>BAYSTATE HEALTH SYSTEM, INC.,<br>AMERICAN HOSPITAL ASSOCIATION, and<br>JOHN DOES 1 THROUGH 10.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 04-11663RCL

**SPECIAL ACTION REQUESTED**

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION ("MDL")

Plaintiff moves the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an order staying any and all proceedings, discovery, and the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, or motions by either party until this case is transferred to a single district court for coordinated and/or consolidated pre-trial proceedings. As grounds for this motion, the Plaintiff states the following:

1.     This action is one of, at last count, approximately 40 actions in 21 federal districts asserting claims arising from the nationwide practice of not-for-profit hospitals charging discriminatory, disparate, and inflated rates to their uninsured patients. Under the authority of 28 U.S.C. §1407, several claimants have filed with the Judicial Panel on Multidistrict Litigation ("MDL" or "Judicial Panel") a Motion to Transfer and Consolidate all of the pending litigation to a single district court for such treatment. The MDL has entitled the proceedings "In re Not-For-Profit Hospitals/Uninsured Patients Litigation," MDL No. 1641.

2.    A hearing before the Judicial Panel has been set for September 30, 2004. <u>See</u>

<u>Exhibit A</u>. Plaintiff has filed a notice of potential tag-along action with the Judicial Panel.

<u>See</u> <u>Exhibit B</u>. Plaintiff believes that there is a strong likelihood that the Judicial Panel will

grant the pending motions, that this case may be identified as a "tag-along" action, and that

the MDL thereafter may issue a Conditional Transfer Order transferring this case.

3.    There are common legal questions that predominate in all of the cases currently

seeking consolidation in the MDL. All of these cases involve the practice of overcharging

uninsured patients for health services. In many of the other proceedings, defendants have filed

motions to dismiss. The resolution of these motions to dismiss will require the courts to

interpret, among other things, certain provisions of federal law and make rulings based on

those interpretations.

4.    The Plaintiff is aware that the Defendants intend to file a motion to dismiss, for

which the deadline for filing is today — September 9, 2004, and the Plaintiff expects that this

motion will be similar in substance to the other motions that have been filed by the not-for-

profit hospital defendants in the proceedings in other jurisdictions.

5.    A stay pending the determination of whether the case will be transferred to

MDL will serve two key purposes. First, it will prevent the Court from expending judicial

resources on hearing and ruling on a motion to dismiss (and other motions) that may be

obviated if the case were to be subsequently transferred. Second, in the event that the case is

transferred, the danger of different courts in different federal jurisdictions reaching different

interpretations of federal law will be avoided.

6.    As this Court is aware, the power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the cases on its docket with economy of

time and effort for itself, for counsel and for litigants. See Sevinor v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 807 F.2d 16, 20-21 (1st Cir. 1986); Cannavo v. Enterprise Messaging Servs., 982 F. Supp. 54 (D. Mass. 1997). The Court has the inherent power to stay proceedings pending the resolution of related issues in another forum. See Goldhammer v. Dunkin' Donuts, Inc., 59 F. Supp. 2d 248, 251 (D. Mass. 1999). In view of the likelihood that this action will be consolidated with the other cases involving the pricing practices of not-for-profit hospitals with their uninsured patients, a stay would serve the interests of judicial economy.

8.     Plaintiffs request that the stay shall remain effective for: (a) in the event the action is transferred to the MDL court, sixty (60) days after the transfer to the MDL Court, or until as otherwise ordered by the MDL court; or (b) in the event the action is not transferred, thirty (30) days from which this Court receives notice from one or more of the parties that a decision was made not to transfer the action.

WHEREFORE, the Plaintiff respectfully moves for an order staying any and all proceedings, discovery, and the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, or motions by either party, such stay to remain effective for:

(a) in the event the action is transferred to the MDL court, sixty (60) days after the transfer to the MDL Court, or until as otherwise ordered by the MDL court; or

(b) in the event the action is not transferred, thirty (30) days from which this Court receives notice from one or more of the parties that a decision was made not to transfer the action.

3

Respectfully submitted,

DIANE HARRINGTON, On Behalf of Herself and
All Others Similarly Situated
By her Attorneys,

**Dated: September 9, 2004**

Thomas M. Greene, Esq. (BBO#210020)
Ilyas J. Rona, Esq. (BBO#642964)
Greene & Hoffman, P.C.
125 Summer Street, Suite 1410
Boston, MA 02110
Tel:  (617) 261-0040
Fax: (617) 261-3558

CO-COUNSEL:

John W. Crongeyer, GA Bar No. 197267
Bryan A. Vroon, GA Bar No. 7298086
Vroon & Crongeyer, LLP
1230 Peachtree Street, Suite 2450
Atlanta, Georgia  30309
Telephone: (404) 607-6710
Facsimile:  (404) 607-6711

Don Barrett, Esq.
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, Mississippi 39095
(662) 834-2376

Keith M. Fleischman, KF-0199
Ronald J. Aranoff, RA-4690
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY  10016
Telephone: (212) 799-1414
Facsimile: (212) 799-3218

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Ilyas J. Rona, hereby certify that, pursuant to Local Rule 7.1, I have conferred with J. Michael Scully, counsel for the Baystate Defendants, by telephone and have attempted in good faith to resolve or narrow the issue that is the subject of this motion, but was unable to do so.

Ilyas J. Rona

4

### CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage pre-paid, and facsimile on September 9, 2004.

_____
Ilyas J. Rona