IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE HARRINGTON, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>BAYSTATE MEDICAL CENTER, BAYSTATE HEALTH SYSTEM, INC., AMERICAN HOSPITAL ASSOCIATION, and JOHN DOES 1 THROUGH 10.<br><br>Defendants. | Civil Action No.: 04-11663RCL<br><br><br><br>**SPECIAL ACTION REQUESTED** |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND
TO MOTION TO DISMISS OF DEFENDANTS BAYSTATE MEDICAL
CENTER, INC. AND BAYSTATE HEALTH SYSTEMS, INC.
PENDING DETERMINATION OF STAY**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby respectfully moves for an enlargement of time within which to respond to the Motion to Dismiss of Defendants Baystate Medical Center, Inc. and Baystate Health Systems, Inc. ("Baystate Defendants' Motion to Dismiss"). As grounds for this motion, the Plaintiff states as follows:

1. On September 9, 2004, the Plaintiff filed a motion to stay this proceeding pending a determination of whether this action would be consolidated with similar actions filed in other jurisdictions via the MDL process.

2. On that same day, the Baystate Defendants filed a motion to dismiss the action. The Plaintiff calculates that a response to the motion to dismiss is due by September 23, 2004.

3.  The memorandum in support of the Baystate Defendants' motion to dismiss is twenty (20) pages long and contains at least sixteen (16) distinct arguments in favor of dismissing twelve (12) different counts of the Complaint. Several of these arguments raise issues concerning the interpretation of federal statutes, including (i) Section 501(c)(3) of the Internal Revenue Code (26 U.S.C. § 501(c)(3)), (ii) the Emergency Medical Treatment and Active Labor Act (42 U.S.C. § 1395 dd), (iii) the Fair Debt Collections Practices Act (15 U.S.C. § 1692a(5)), and (iv) 42 U.S.C. § 1983. The defendants' memorandum also raises questions concerning the fundamental rights guaranteed under the Constitution and the Equal Protection Clause.

4.  In order to adequately respond to the myriad of legal arguments, the Plaintiff requests an enlargement of time to respond to the motion to dismiss of twenty-five (25) days, up to and including October 18, 2004. In the event that this action is stayed, the Plaintiff requests twenty-five (25) days from the date that stay is lifted to respond to the motion to dismiss.

5.  The Plaintiff does not believe that the Baystate Defendants will be prejudiced by an enlargement of time.

6.  An enlargement of time may also be beneficial to the Court and the parties as it will afford the Court time to rule on the pending motion to stay prior to making a determination on the Baystate Defendants' Motion to Dismiss.

WHEREFORE, the Plaintiff respectfully moves for an enlargement of time within which to respond to the Baystate Defendants' Motion to Dismiss of twenty-five (25) days, up to and including October 18, 2004, or, in the event that a stay is imposed, twenty-five (25) days from the date upon which the stay is lifted.

Respectfully submitted,

DIANE HARRINGTON, On Behalf of Herself and
All Others Similarly Situated
By her Attorneys,

**Dated: September 16, 2004**

_____
Thomas M. Greene, Esq. (BBO#210020)
Ilyas J. Rona, Esq. (BBO#642964)
Greene & Hoffman, P.C.
125 Summer Street, Suite 1410
Boston, MA 02110
Tel: (617) 261-0040
Fax: (617) 261-3558

CO-COUNSEL:

| | |
|---|---|
| John W. Crongeyer, GA Bar No. 197267<br>Bryan A. Vroon, GA Bar No. 7298086<br>Vroon & Crongeyer, LLP<br>1230 Peachtree Street, Suite 2450<br>Atlanta, Georgia 30309<br>Telephone: (404) 607-6710<br>Facsimile: (404) 607-6711 | Don Barrett, Esq.<br>Barrett Law Office<br>404 Court Square North<br>P.O. Box 987<br>Lexington, Mississippi 39095<br>(662) 834-2376 |

Keith M. Fleischman, KF-0199
Ronald J. Aranoff, RA-4690
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 799-1414
Facsimile: (212) 799-3218

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Ilyas J. Rona, hereby certify that, pursuant to Local Rule 7.1, I have conferred with J. Michael Scully, counsel for the Baystate Defendants, by telephone on September 16, 2004 and attempted in good faith to resolve or narrow the issue that is the subject of this motion, but was unable to do so.

_____
Ilyas J. Rona

3

## CERTIFICATE OF SERVICE

    I, Ilyas J. Rona, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage pre-paid, and facsimile on September 16, 2004.

                                                                     _____
                                                                               Ilyas J. Rona