UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANE HARRINGTON, On Behalf of Herself and All Others Similarly Situated, <br> Plaintiff, <br> v. <br> BAYSTATE MEDICAL CENTER, et al. <br> Defendants | Civil Action No. 1:04-cv-11663-RCL <br><br> OPPOSITION OF DEFENDANTS BAYSTATE MEDICAL CENTER, INC. AND BAYSTATE HEALTH SYSTEM, INC. TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME |

Defendants Baystate Medical Center, Inc. ("BMC") and Baystate Health System, Inc. ("BHS") (collectively "Baystate") hereby oppose Plaintiff's Motion for Enlargement of Time to Respond to Motion to Dismiss of Defendants Baystate Medical Center, Inc. and Baystate Health System, Inc. Pending Determination of Stay ("Motion for Enlargement of Time").

Plaintiff's Motion for Enlargement of Time should be denied because it is an inappropriate backdoor attempt to achieve a temporary stay of this action without the Court having ruled on plaintiff's motion to stay. *See Ramos v. Ashcroft*, 371 F.3d 948, 949 (7th Cir. 2004) ("Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local."). As set forth in Baystate's opposition to plaintiff's motion to stay, plaintiff's motion to stay should be denied.[1]

Plaintiff filed a forty-one page, twelve-count, complaint in this matter on July 27, 2004. Plaintiff's counsel, as part of a consortium of plaintiffs' lawyers who have filed approximately fifty lawsuits against non-profit hospital and health systems across the country (see, e.g., page 41 of the complaint), knew then or shortly thereafter that a motion to transfer and consolidate was or

---

[1] The Opposition of Defendants Baystate Medical Center, Inc. and Baystate Health System, Inc. to Plaintiff's Motion to Stay ("Baystate's Opposition to Motion to Stay") is being filed with this opposition.

would be filed with the Judicial Panel on Multidistrict Litigation ("JPML").[2]  Plaintiff, however, did not serve the complaint upon Baystate until August 20, 2004, and did not file her motion to stay this action until September 9, 2004, the day on which plaintiff's counsel knew that Baystate would be filing a motion to dismiss.[3]  Having waited until the day Baystate's motion to dismiss was filed to file her motion to stay, plaintiff should not now be allowed to postpone responding to Baystate's motion to dismiss pending a determination by the Court on the motion to stay.  *See Ramos*, 371 F.3d at 350 (stating that respondent's motion to transfer review proceeding to another circuit should have come well before petitioner incurred the cost and inconvenience of filing his brief).

Plaintiff's counsel should not need an additional twenty-five days to address the legal issues raised by their own complaint.  Because plaintiff's counsel are involved in other non-profit hospital cases in which motions to dismiss and motions to stay have previously been filed, they have long been aware of the weaknesses in their theories of liability.[4]  They have no need for an enlargement of time to respond to Baystate's motion to dismiss.

---

[2]  The motion to transfer and consolidate various non-profit hospital cases (dated July 22, 2004) was docketed with the Clerk of the JPML on or about July 29, 2004.  On August 26, 2004, plaintiff's counsel in this action notified the Clerk of the JPML that this action was a potential "tag-along" action to the other non-profit hospital cases under consideration for transfer and consolidation.  See Exhibit A to plaintiff's motion to stay.  Baystate filed a response in opposition to the motion to transfer and consolidate with the JPML on or about September 16, 2004.  See Exhibit B to Baystate's Opposition to Motion to Stay.

[3]  Plaintiff's counsel knew on September 3 that Baystate was planning to file a motion to dismiss on September 9 because Baystate's counsel had left a message to that effect as part of an attempt to confer with plaintiff's counsel in advance of September 9 about a motion for leave to file a memorandum in support of the motion to dismiss in excess of twenty pages.

[4]  One or more of the firms whose names appear on the complaint in this matter (Vroon & Crongeyer, LLP, Barrett Law Office, and Bernstein, Liebhard & Lifshitz, LLP) are also counsel for plaintiffs in other non-profit hospital cases where motions to dismiss and motions to stay were previously filed.  *See, e.g., Hogland v. Athens Regional Health Services, Inc., et al.,* Docket No. 3:04-cv-50 (M.D. Ga.)(motion to dismiss and motion to stay filed on or about August 4, 2004); *Frimpong v. DeKalb Medical Center, Inc., et al.,* Docket No. 04-cv-1745-WCO (N.D. Ga.)(motion to dismiss filed on or about July 29, 2004, motion to stay filed on or about August 4, 2004); *Kolari v. New York Presbyterian Hosp., et al.*, Docket No. 04-cv-5506-LAP (S.D.N.Y.) (motion to dismiss filed on or about August 10, 2004, motion to stay filed on or about August 23, 2004).

For these reasons, Baystate respectfully asks this Court to deny plaintiff's Motion for Enlargement of Time.

Respectfully submitted,

The Defendants
Baystate Medical Center, Inc.
and Baystate Health System, Inc.
By Their Attorneys:


/s/ Francis D. Dibble, Jr.
Francis D. Dibble, Jr.
  BBO No. 123220
J. Michael Scully
  BBO No. 555460
Carol E. Kamm
  BBO No. 559252
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115
Tel.: (413) 781-2820
Fax: (413) 272-6804

Dated: September 22, 2004

279129