UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:04-cv-11663-RCL

| | |
|---|---|
| DIANE HARRINGTON, On Behalf of Herself and All Others Similarly Situated,<br>        Plaintiff,<br>v.<br>BAYSTATE MEDICAL CENTER, et al.<br>        Defendants | OPPOSITION OF DEFENDANTS BAYSTATE MEDICAL CENTER, INC. AND BAYSTATE HEALTH SYSTEM, INC. TO PLAINTIFF'S MOTION TO STAY |

Defendants Baystate Medical Center, Inc. ("BMC") and Baystate Health System, Inc. ("BHS") (collectively "Baystate") hereby oppose the Plaintiff's Motion to Stay Proceeding Pending Transfer to Multidistrict Litigation ("Motion to Stay") for the reasons set forth below.

A.  **INTRODUCTION**

On September 9, 2004, Baystate filed the Motion to Dismiss of Defendants Baystate Medical Center and Baystate Health System, Inc. ("Motion to Dismiss") that seeks dismissal of all claims asserted against them in the complaint. Apprised of the fact that a motion to dismiss would be filed, on September 9, 2004 plaintiff filed Plaintiff's Motion to Stay and a Memorandum in support thereof ("Memorandum"). Subsequently, on September 16, 2004, plaintiff filed a Motion for Enlargement of Time to Respond to Motion to Dismiss of Defendant's Baystate Medical Center, Inc. and Baystate Health Systems, Inc. Pending Determination of Stay ("Motion for Enlargement of Time"). Both motions should be denied.[1]

While this Court has the discretion to stay this action, it is inappropriate to stay proceedings in circumstances such as exist in this case. This Court should deny the Motion to Stay for several reasons: (1) a stay of proceedings is inappropriate where the pending motion to dismiss presents issues of law and judicial economy is best served by having the motion decided

---

[1] Baystate has separately filed an Opposition to the Motion for Enlargement of Time.

by the forum state; (2) several other courts have declined to stay cases involving nonprofit hospitals that are also under consideration for transfer and consolidation; and (3) denial of the Motion to Stay results in no prejudice to plaintiff, while allowance of the Motion to Stay will result in substantial prejudice to Baystate.

**B.      ARGUMENT**

>    1.      *A Stay of proceedings is inappropriate where the pending motion to dismiss presents issues of law and judicial economy is best served by having the motion decided by the forum state.*

The Rules and Guidelines of the JPML make it clear that a stay of proceedings is certainly not required by the filing of a motion for transfer to the JPML.  Rule 1.5 of the Rules of Procedure of the JPML provides that:

> The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

JPML Rule 1.5.  The guidelines issued by the JPML confirm that the JPML's consideration of a motion to transfer "does not in any way affect the proceedings of the action in the district courts." *A Guide to Multidistrict Litigation*, 75 F.R.D. 577, 582 (JPML 1977).

Contrary to plaintiff's assertion that a stay in this case would promote judicial economy and efficiency, it is inappropriate to stay proceedings where a motion is pending that addresses threshold issues of law, particularly where some of the issues are issues of state law.  In such circumstances, judicial efficiency is best served by moving forward with litigation prior to a transfer decision.  "Consistent with the directives of the [JPML], a stay is improper.  Judicial economy will best be served by addressing the [motion to dismiss] issue because a determination on this issue will facilitate litigation in the appropriate forum." *Villarreal v. Chrysler Corp.*, 1996

U.S. Dist. LEXIS 3159, *4 (N.D. Cal. March 11, 1996) (addressing remand issue). *See also Weisman v. Southeast Hotel Prop. Ltd. Partnership*, 1992 U.S. Dist. LEXIS 7736, at *17 (S.D.N.Y. June 1, 1992) ("[B]ecause the district court can resolve preliminary matters while the [JPML] deliberates, such general delays [caused by stays] are 'rarely . . . advisable.'") (citations omitted).

As the court reasoned in *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001), the purpose of the MDL is to facilitate discovery on common issues of fact. Consequently, there is no reason to stay proceedings when the motion pending before the court concerns issues of law:

> The Court finds no reason to stay the proceedings pending transfer. . . .The Court can find no justification for delaying the determination of [the remand] issue. Nor does the Court find that the issue of whether remand is warranted would be better decided by the transferee court, rather than this Court. The purpose for consolidating cases under the Multidistrict Litigation statute is to decrease the duplicity and redundancy by having coordinated discovery for cases "involving one or more common questions of fact pending in different district." 28 U.S.C. § 1407(a). Here, the issues raised by Plaintiffs' Motion to Remand are unique to this case and would benefit little from coordinated discovery under the MDL panel.

*Id*. Courts have routinely denied motions to stay in order to consider dispositive motions while a motion to transfer was pending. *See United States ex rel. Cosens v. Yale-New Haven Hospital*, 233 F. Supp. 2d 319, 321 (D. Conn. 2002) (court decided pending motion to dismiss while JPML considered plaintiffs' motion to transfer and consolidate 38 separate actions pending in 27 districts "because the pending motion to dismiss concerns our very power to hear this case"); *Pantano v. Telectronics Pacing Sys., Inc.*, 1996 U.S. Dist. LEXIS 2790, at *6 n. 4 (W.D.N.Y. 1996) (denying motion to remand and granting motion to dismiss for failure to state a claim while conditional transfer order was pending); *Briggs & Stratton Corp. v. Baldrige*, 539 F. Supp. 1307, 1320 (E.D. Wis. 1982) (deciding summary judgment motion despite motion to transfer

pending before JPML), *reh'g on sum. judg. decision denied,* 544 F. Supp. 667 (E.D. Wis. 1982), *affirmed,* 728 F.2d 915 (7th Cir. 1984); *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574, 575 n.2 (JPML 1973) (noting that forum court appropriately decided summary judgment motion prior to JPML final transfer order).

As the court noted in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft et al,* judicial economy is promoted if the forum court decides issues that require application of the forum state's law:

> [A] stay would not affect the law that applies to the present case and little would be gained by a stay of decision on the motion to remand. The parties would still be subject to Kansas law. No great judicial economy will be realized from a delay. The parties will not save time, for they have already briefed the remand issue. The Court is well versed in both Kansas and federal law, while the transferor [*sic*] court would need to apply the law of different states to different claims. See Karofsky v. Abbott Laboratories, 921 F. Supp. 18, 21 n.4 (D. Me. 1996) (easier for federal judge in forum state to resolve issues implicating state law). For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended.

54 F. Supp. 2d 1042, 1047-48 (D. Kan. 1999). *See Bejarano v. Wyeth*, 2003 U.S. Dist. LEXIS 16776, *7 (S.D. Tex. June 27, 2003) (denying defendant's motion to stay pending transfer to MDL because issues raised in motion under consideration specifically related to facts of case and law of state and were more appropriately addressed by court prior to transfer).

In the captioned case, Baystate's Motion to Dismiss seeks to dismiss all claims against BHS and BMC in the Complaint. All claims require the application of Massachusetts or First Circuit case law and present unique issues of state law, including: whether the complaint is barred by claim preclusion as a result of a judgment issued by a Massachusetts court; whether Baystate is liable to plaintiff as a third-party beneficiary as a result of an alleged breach of an implied agreement with the state resulting from its tax-exempt status; whether Baystate violated

alleged contracts and an implied covenant of good faith and fair dealing; whether Baystate breached its alleged charitable trust obligations, and whether the Massachusetts Attorney General has exclusive jurisdiction to bring a claim for breach of charitable trust; whether Baystate committed unfair and deceptive trade practices in violation of M.G.L. c. 93A; whether Baystate has been unjustly enriched by allegedly charging inflated rates, warranting the imposition of a constructive trust; and whether Baystate allegedly conspired with the AHA.

Clearly, this Court is better able to apply Massachusetts or First Circuit case law than the courts in the Northern District of Illinois, the Middle District of Tennessee, or the Eastern District of Missouri, the fora to which plaintiff seeks to transfer this action. Plaintiff's alleged concern that denial of the stay would result in "conflicting decisions from different courts" is unfounded, as this is the only known hospital action in which a court would be called upon to issue a decision regarding Massachusetts law. (Memorandum, at 6). These unique state law issues make it inappropriate to grant a stay and appropriate for this Court to rule on Baystate's Motion to Dismiss.

Even if the JPML were to consolidate the hospital actions, any pretrial proceedings conducted in this case would not have been wasted. Aside from the AHA, the plaintiff and the defendants in this action are not parties to any other lawsuit. Any fact discovery that might be taken in this case would not be duplicative of fact discovery taken in other hospital actions. Indeed, the fact-sensitive issues in this action are issues of state law, and pre-trial proceedings related to these issues are more appropriately conducted in the forum court. Further, a ruling on the Motion to Dismiss may obviate transfer to the MDL, thus promoting judicial economy and efficiency.

> **2.      *Several other courts have declined to stay cases involving nonprofit hospitals that are also under consideration for transfer and consolidation.***

Plaintiff's counsel, and their team of law firms, have filed approximately fifty class action lawsuits against nonprofit hospitals in federal courts around the country ("hospital actions"). Plaintiff's Memorandum attached orders in which six courts have issued stays in other hospital actions. However, her Memorandum fails to mention that at least six courts have declined to issue stays in other hospital actions, including in *Woodrum v. Integris Health Sys., Docket No. CIV-04-0835-HE (W.D. Okla.Aug. 16, 2004)*; *Kizzire v. Baptist Health Sys, CV-04-HS-1247-S (N.D. Ala. Sept. 1, 2004); Ferguson v. Centura Health, Docket No. 04-M-1285(PAC) (D. Colo Sept. 9, 2004.)(docket entry with no written order); Jellison v. Florida Hospital Healthcare Sys., Docket No.6:04-cv-1021-Orl-28KRS (M.D. Fla Aug. 23, 2004); Nash v. Lee Memorial Health, Docket No. 2:04-cv-369-FtM-29DNF (M.D. Fla. Aug. 25, 2004); Kolari v. N.Y. Presbyterian, Docket No. 04 Civ. 5506  (LAP) (S.D.N.Y. Sept. 15, 2004).* Copies of written orders denying motions to stay are attached hereto as Exhibit A. In addition, at least four other courts have deferred action on the motions to stay, thus effectively denying the motion. *See Frimpong v. Dekalb Med. Ctr., Docket No. 1:04-CV-1745 (WCO)(N.D. Ga. Aug. 13, 2004)(verbal order deferring ruling on motion to stay until further order); Kelly v. Northeast Georgia Medical Center, Docket No. 2 04-CV-0139 (WCO) (N.D. Ga. Aug. 13, 2004)(same verbal order); Watts v. Advocate Health Care, Docket No. 04 C 4062 (N.D. Ill. Aug. 18, 2004)(Minute Order); Fields v. Banner Health, CV04-1297-PHX-SRB (D. Ariz. Sept. 14, 2004)(written order deferring ruling on motion to stay until after briefing on motion to dismiss complete included in Ex. A hereto).* As did the *Woodrum* court, this Court should deny the motion to stay because "it is less than obvious that this case will be approved for transfer to an MDL court. The legal issues, including plaintiffs' state law claims, which form the basis of

[Baystate's] motion to dismiss may not be susceptible to the type of coordinated rulings contemplated by an MDL court." *Woodrum Order (Ex. A.hereto).*

### 3. *Denial of the Motion to Stay results in no prejudice to plaintiff, while allowance of the motion to stay will result in substantial prejudice to Baystate.*

Although plaintiff cites prejudice to the moving party as a basis for the issuance of a motion to stay, her motion fails to cite <u>any</u> actual prejudice to her that would result if her motion is denied. (Memorandum, at 5). Indeed, plaintiff cannot claim that she is prejudiced if this Court decides Baystate's Motion to Dismiss. As the complaint alleges, plaintiff sought and received medical care from Baystate in this jurisdiction. Plaintiff initiated this litigation and controlled where it was filed. To suggest that she is somehow prejudiced by pursuing her own action in the forum of her choice is absurd.

In contrast, the prejudice to Baystate is substantial if the motion to stay is denied. Plaintiff has asserted claims that are without precedent or merit, and Baystate has been the victim of negative press as a result of these baseless claims. The undisputed facts are that Baystate provided plaintiff with timely and appropriate medical care, and that she has not paid <u>anything</u> for this care. Nothing in the law or in equity prevents Baystate from billing for these services, or from using lawful process in an effort to collect unpaid hospital bills. Baystate is entitled to have its motion to dismiss these meritless claims decided as soon as possible, to minimize the harm caused by the negative publicity, the legal expenses associated with this action, and the burden of potentially being required to pursue its Motion to Dismiss in a jurisdiction that has no connection to Baystate or the events at issue in the complaint.

The harm to Baystate of a stay is particularly unwarranted because Baystate opposes any effort to transfer this action. The captioned action has been identified by plaintiff as a potential "tag-along" case. Even if a conditional transfer order is issued to transfer this action to the

transferee court, Baystate will still have an opportunity to move to vacate the conditional transfer order. (*See* Rule 7.4 of the Rules of the Judicial Panel for Multidistrict Litigation). In fact, Baystate has already informed the JPML of its expected opposition even though it is not yet subject to the Motion to Transfer.  *See* Response of Defendants Baystate Medical Center, Inc. and Baystate Health System, Inc. in Opposition to Motion to Transfer and Consolidate Pursuant to 28 U.S.C. §1407 ("Response") (copy attached hereto as Exhibit B).[2]  If the JPML issues a conditional transfer order in this action, a stay could potentially result in several months' delay of these proceedings, while Baystate's motion to vacate the order is briefed, heard and ruled on by the JPML.

---

[2] As is explained in Baystate's Response, transfer of this action is inappropriate because of the unique Massachusetts regulatory scheme for uncompensated medical care, and because plaintiff's claims are based primarily on Massachusetts law and are barred by claim preclusion. (Ex. B hereto).  In addition, consolidation of the captioned action with other hospital actions would be inappropriate because they involve different plaintiffs, different defendants, different facts, and different claims based primarily on state law.  The JPML has consistently refused to consolidate cases in situations similar to this case.  *See In re Pharmacy Benefit Plan Administrators Pricing Litig.*, 206 F. Supp. 2d 1362 (JPML 2002) (refusing to consolidate cases against different defendants where only one Pharmacy Benefit Manager [PBM] was defendant in each action and no allegation that PBMs conspired with each other); *In re Airline "Age of Employee" Employment Practices Litig.*, 483 F. Supp. 814 (JPML 1980) (refusing to consolidate cases against different defendants involving allegations of conspiracy); *In re Asbestos School Products Liability Litigation*, 606 F. Supp. 713, 714 (JPML 1985) (refusing three defendants' request to transfer and consolidate, stating because common questions of fact did not predominate over individual questions of fact present in action).

C.  **CONCLUSION**

For the reasons set forth above, Baystate respectfully asks this Court to deny plaintiff's Motion to Stay.

                          Respectfully submitted,

                          The Defendants
                          Baystate Medical Center, Inc.
                          and Baystate Health System, Inc.
                          By Their Attorneys:

                          _/s/ Francis D. Dibble, Jr._____
                          Francis D. Dibble, Jr.
                           BBO No. 123220
                          J. Michael Scully
                           BBO No. 555460
                          Carol E. Kamm
                           BBO No. 559252
                          Bulkley, Richardson and Gelinas, LLP
                          1500 Main Street, Suite 2700
                          Springfield, MA  01115
                          Tel.:  (413) 781-2820
                          Fax:  (413) 272-6804

Dated:  Sept. 22, 2004

279245