BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE NOT-FOR-PROFIT HOSPITAL/　　　　MDL DOCKET NO. 1641
UNINSURED PATIENTS LITIGATION

**RESPONSE OF DEFENDANTS BAYSTATE MEDICAL CENTER, INC.
AND BAYSTATE HEALTH SYSTEM, INC. IN OPPOSITION TO
MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407**

Baystate Medical Center, Inc. ("BMC") and Baystate Health System, Inc. ("BHS") are defendants in an action entitled *Harrington v. Baystate Medical Center, et al.* ("the *Harrington* action"), pending in the United States District Court for the District of Massachusetts as Civil Action No. 04-11663-RCL. The complaint in the *Harrington* action was filed on or about July 27, 2004. On or about August 27, 2004, plaintiff's counsel in the *Harrington* action notified the Clerk of the Judicial Panel on Multidistrict Litigation ("Clerk of the Panel") that the *Harrington* action was a "potential tag-along action to MDL No. 1641." A copy of the letter (without the copy of the complaint that was attached to the letter) is attached hereto as Exhibit A.[1] BMC and

---

[1] The letter also states that the *Harrington* action "involves common questions of fact with actions filed in the Middle District of Georgia pursuant to 28 U.S.C. § 1407." *Id.* It does not mention any of the other cases currently under consideration for transfer and consolidation.

BHS, as interested parties to the Motion to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407 pending in MDL Docket No. 1641 ("Motion to Transfer"), file this response in opposition to that motion.[2] The reasons why the Motion to Transfer should be denied have been addressed by other defendants in the actions under consideration for transfer and consolidation.[3] This response simply highlights that any factual questions which may arise in the *Harrington* action will be different from any factual questions which may arise in any of the other cases subject to the Motion to Transfer, and that consolidation would not promote the just and efficient conduct of the actions, for the following reasons:

- The regulatory scheme for uncompensated medical care in Massachusetts is unique

- Many, if not most, of plaintiff's claims in the *Harrington* action are based on Massachusetts – not federal – law, and

- Plaintiff's claims in the *Harrington* action are *res judicata*

### 1. The Regulatory Scheme for Uncompensated Medical Care in Massachusetts is Unique.

The Commonwealth of Massachusetts has established a comprehensive regulatory scheme for the provision of health care to the indigent uninsured in that state. The

---

[2] The Motion to Transfer has not yet been ruled on. In the unlikely event that the Motion to Transfer were to be granted, BMC and BHS would reserve their rights to oppose and file a brief in opposition to any Conditional Transfer Order that is entered as a result of the *Harrington* action being identified by plaintiff's counsel as a "potential tag-along" action. See J.P.M.L. Rule 7.4.

[3] BMC and BHS adopt by reference the arguments as to why the Motion to Transfer should be denied that are made in 1) American Hospital Association's Memorandum in Opposition to Motion to Transfer and Consolidate pursuant to 28 U.S.C. § 1407; 2) Medical Center of Central Georgia, Inc., Central Georgia Health Systems, Inc. and Medcen Community Health Foundation, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Transfer and Consolidate; 3) Memorandum of Resurrection Health Care and Resurrection Medical Center in Opposition to Motion to Transfer and Consolidate; 4) Saint Barnabas Corporation's Brief in Opposition to Motion to Transfer and Consolidate; and, 5) Defendants' Banner Health, Sutter Health, Presbyterian Healthcare Services, Catholic Healthcare Partners, Community Health Partners, Community Health Partners Hospital and Surgical Center, The Cleveland Clinic Foundation, Fairview Hospital, UPMC, UPMC Presbyterian Shadyside, UPMC St. Margaret, UPMC Southside, UPMC Emergency Medicine, and UPMC Braddock's Memorandum in Opposition to Plaintiffs' Motion to Transfer and Consolidate.

Massachusetts "Uncompensated Care Pool," is a "health care safety net for low income uninsured and underinsured people in Massachusetts." *See* Exhibit B (at p. 2-1) attached hereto. *See also* M.G.L. c. 118G, § 18, and 114.6 CMR 7.00, *et seq.* It is administered by the Massachusetts Division of Health Care Finance and Policy, and "pays for medically necessary inpatient and outpatient services provided by hospitals and community health centers." *See* Exhibit C (at p. 1) attached hereto. BMC and BHS, in turn, have established their own free care and billing and collections procedures within the context of the Massachusetts system. This comprehensive regulatory scheme is different from the regulatory scheme in other states, and certainly will be at the heart of the *Harrington* action (and thus a primary focus of any discovery), should the *Harrington* action survive a motion to dismiss.[4] One of plaintiffs' counsel, Richard A. Scruggs, has acknowledged that: "I agree that Massachusetts is a cut above any other state I'm aware of in terms of making sure people aren't being gouged." Liz Kowalczyk, *Baystate Medical Center Sued over Billing Practices,* Boston Globe, July 28, 2004, at E1 (online copy of article attached hereto as Exhibit D). Mr. Scruggs has also said: "Massachusetts has done an admirable job, probably better than any other state that I am aware of." Jennifer Heldt Powell, *Lawsuit Ends on Care Bills*, Boston Herald, August 6, 2004, at 029 (online copy of article attached hereto as Exhibit E). Because, as plaintiffs' counsel admits, the Massachusetts system for providing free health care to the indigent and uninsured is fundamentally different from the system in every other state, the *Harrington* action does not

---

[4] BMC and BHS filed a motion to dismiss the claims against them in the *Harrington* action on September 9, 2004.

share common questions of fact with the numerous other cases plaintiffs seek to have transferred and consolidated.[5]

### 2. Plaintiff's Claims in the *Harrington* Action are Based on Massachusetts Law.

Many, if not most, of plaintiff's claims in the *Harrington* action are based on Massachusetts -- not federal -- law, including claims under the Massachusetts Unfair Business Practices and Consumer Protection Act (M.G.L. c. 93A), and claims for breach of contract, breach of a charitable trust, breach of an implied covenant of good faith and fair dealing, civil conspiracy, and unjust enrichment. Any discovery in the *Harrington* action, therefore, will focus on individual issues that are relevant under Massachusetts law. To the knowledge of BMC and BHS, no other case under consideration for transfer and consolidation includes claims based on Massachusetts law.

### 3. Plaintiff's Claims in the *Harrington* Action are *Res Judicata*.

As plaintiff acknowledges in her complaint in the *Harrington* action, a lawsuit was commenced against plaintiff to collect payment due for the medical care plaintiff received, and a judgment was obtained against her in that action. *See* paragraph 47 of the Complaint attached to plaintiff's counsel letter to the Clerk of the Panel dated August 27, 2004. Plaintiff's claims in the *Harrington* action are, therefore, *res judicata* (subject to claim preclusion). BMC and BHS have moved to dismiss plaintiff's claims on that, and other, grounds. *See* note 4, *infra*. Any discovery in the *Harrington* case will necessarily focus on the individual factual issues relating to the potentially dispositive *res judicata* defense (i.e., whether there is identity of the parties to the

---

[5] The unique aspects of the Massachusetts system may be the reason that the *Harrington* action was not included by plaintiffs in their Revised Schedule of Involved Cases for Not-for-Profit Hospitals Charitable Trust Litigation (dated July 29, 2004). Although the *Harrington* action was filed on or about July 27, 2004, the complaint was not served on BMC and BHS until August 20, 2004, and plaintiffs' counsel did not notify the Clerk of the Panel that the *Harrington* action was a "potential tag-along action to MDL No. 1641" until on or about August 27, 2004.

4

present and prior action, identity of the cause of action, and final judgment on the merits in the first action).

### 4. Conclusion

For the reasons noted above and in the other memoranda adopted herein by reference, transfer and consolidation of the *Harrington* action would not be "for the convenience of the parties and witnesses" and would not "promote the just and efficient conduct of the actions," and the Motion to Transfer should be denied.

                                                            The Defendants
Baystate Medical Center, Inc.
and Baystate Health System, Inc.
By Their Attorneys:

/s/ Francis D. Dibble, Jr.
Francis D. Dibble, Jr.
 BBO No. 123220
J. Michael Scully
 BBO No. 555460
Carol E. Kamm
 BBO No. 559252
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel.: (413) 781-2820
Fax: (413) 272-6804

Dated: September 15, 2004
278060

5

# Exhibit A

# GREENE & HOFFMAN
PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

FACSIMILE
(617) 261-3558
EMAIL
office@greenehoffman.com

125 SUMMER STREET, SUITE 1410
BOSTON, MASSACHUSETTS 02110
(617) 261-0040
www.greenehoffman.com

August 26, 2004

**VIA OVERNIGHT MAIL**

Regina Hale, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, NE, Room G-255
Washington, D.C. 20002

Re: MDL DOCKET No. 1641 – In re Not-For-Profit Hospitals/Uninsured Patients Litigation

Dear Ms. Hale:

On behalf of Diane Harrington and all others similarly situated (collectively, "Harrington"), I am writing to notify the Panel, in accordance with Rule 7.5(e), of a potential tag-along action to MDL No. 1641. *Harrington, et al. v. Baystate Medical Center, et al.*, currently pending in the District of Massachusetts, involves common questions of fact with actions filed in the Middle District of Georgia pursuant to 28 U.S.C. § 1407.

A copy of the Harrington complaint and Proof of Service are attached to this Notice. The pertinent information about this potential tag-along is as follows:

| Complete Case Name | District Where Pending | Civil Action Number & Judge Assigned |
|---|---|---|
| Diane Harrington, On Behalf of Herself and All Others Similarly Situated v. Baystate Medical Center, Baystate Health System, Inc., American Hospital Association, and John Does 1 Through 10 | United States District Court of the District of Massachusetts | Civil Action No. 04-11663-RCL District Judge Reginald C. Lindsay |

Please notify this office if you require further information. Thank you.

Very truly yours,

Ilyas J. Rona

IJR/sc

Enclosure

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via regular mail on this 26th day of August 2004, to:

Carol E. Kamm, Esq.
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA 02109

Francis D. Dibble, Jr., Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

J. Michael Scully, Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

_____
Ilyas J. Rona