# Exhibit B

 • mass.gov home • online services • state agencies    SEARCH MASS.GOV



## Free Care
## Application Guide

The Free Care Application Guide is designed to assist acute hospitals and community health centers in filling out Free Care application forms and making Free Care eligibility determinations. The Free Care Application Guide Appendices are also available to assist you in filling out the Free Care application form.

These files may be viewed on screen, downloaded or printed to your local printer. Please note: You will need the Adobe Acrobat Reader to view these files.

These documents are not a substitute for the regulation. Free Care eligibility determinations must be made in accordance with the Division regulation 114.6 CMR 10.00: Criteria for Determining Eligibility for Free Care at Acute Care Hospitals and Freestanding Community Health Centers. Hospitals and CHCs will be held responsible for adhering to the regulation.

If the information you need is not available on our web site, please contact the Uncompensated Care Pool Help Desk at:

(800) 888-2250 Toll free
(617) 988-3328 Voice
(617) 988-3175 TTY

email: pool.help@state.ma.us.

Uncompensated Care Home Page

| Home | Regulations | Library | Data | Contact Us | Search |
|------|-------------|---------|------|------------|--------|

Copyright © 2004 Division of Health Care Finance and Policy
Commonwealth of Massachusetts
Privacy Policy

# TABLE OF CONTENTS

1.    **Introduction**

2.    **What is Free Care?**

3.    **Types of Free Care**

4.    **Screening for Other Programs**

5.    **Completing the Application**

6.    **Eligibility Calculations**

7.    **Examples**

8.    **Notification Procedures**

9.    **Grievance Procedures**


APPENDIX A:   *Free Care Application Forms*
APPENDIX B:   *Acceptable Documentation*
APPENDIX C:   *Sample Decision Letters*
APPENDIX D:   *1999 Federal Poverty Income Guidelines*

11/99

# 1. INTRODUCTION

This application guide is designed to assist acute hospitals and community health centers (CHCs) in filling out free care application forms and making free care eligibility determinations. **It is not a substitute for the regulation. It is intended only to explain the eligibility determination process. Free care eligibility determinations must be made in accordance with the Division's regulation 114.6 CMR 10.00: Criteria for Determining Eligibility for Free Care at Acute Care Hospitals and Freestanding Community Health Centers. Hospitals and CHCs will be held responsible for adhering to the regulation. Refer to the regulation if you are in doubt about any of the material contained in this guide.**

This guide also includes lists of acceptable forms of income, residency, and asset documentation, as well as examples of eligibility determination calculations, sample determination letters, and the 1999 Federal Poverty Income Guidelines. This application guide is not written for applicants for free care. However, providers may find sections of the guide useful for explaining to applicants the various available forms of free care, the eligibility criteria, and the application process. The application also helps providers to screen applicants for other health insurance benefits and public assistance programs before qualifying them for free care, as required by M.G.L. Chapter 118G Section 18.

Important updates since the last edition of this guide include:

information about recent amendments to the regulation

the 1999 Federal Poverty Income Guidelines

clarification of the Division's free care policies regarding students, deceased applicants, and minors

clarification of the Division's income and residency documentation requirements.

If you have any questions about this application guide, the application, or about free care in general, please contact the Division of Health Care Finance and Policy free care helpline at **(617) 988-3222**. The Division appreciates your comments, and hopes that you find this guide useful.

## 2. WHAT IS FREE CARE?

The Uncompensated Care Pool is a health care safety net for low income uninsured and underinsured people in Massachusetts. It pays for medically necessary services that acute hospitals and CHCs provide to people who meet specific eligibility requirements. Free care for medically necessary services is available to Massachusetts residents who meet the eligibility criteria. Non-residents are eligible for free care for emergency care and urgent care services *only*.

*A medically necessary service is defined by the Division's regulations as:*

A service that is reasonably expected to prevent, diagnose, prevent the worsening of, alleviate, correct, or cure conditions that endanger life, cause suffering or pain, cause physical deformity or malfunction, threaten to cause or aggravate a handicap, or result in illness or infirmity. Medically necessary services shall include inpatient and outpatient services as mandated under Title XIX of the Federal Social Security Act. Medically necessary services shall not include:

(a)    non-medical services, such as social, educational, and vocational services,

(b)    cosmetic surgery,

(c)    canceled or missed appointments,

(d)    telephone conversations and consultations,

(e)    court testimony,

(f)    research or the provision of experimental or unproven procedures including, but not limited to, treatment related to sex-reassignment surgery, and pre-surgery hormone therapy,

(g)    the provision of whole blood; provided, however, that administrative and processing costs associated with the provision of blood and its derivatives shall be payable. (114.6 CMR 10.02)

Although free care covers the cost of medically necessary services billed by hospitals and CHCs, it does not cover the cost of services billed by other independent groups, such as private physicians and specialty care groups.

The Division of Health Care Finance and Policy, which administers the Pool, is charged with the task of managing the Pool "to encourage maximum efficiency and appropriateness in the utilization of services." The standard free care application form and this application guide are intended to facilitate the eligibility determination process, which is a key factor in ensuring both that the Pool is administered appropriately and that low income uninsured or underinsured people who require medically necessary services have easy access to them.

## 3. TYPES OF FREE CARE

Free care is available to patients who meet eligibility criteria that are set by state law and regulation. There are three different types of free care: full free care, partial free care, and medical hardship. Applicants who are approved for free care are eligible for one year from the date of the eligibility determination, unless over the course of the year the applicant's income or health insurance status changes to such an extent that he or she no longer meets the free care eligibility criteria.

### 3.1    Full Free Care

Full free care is available for people whose family income is equal to or less than 200% of the Federal Poverty Income Guidelines (FPIG). People enrolled in Healthy Start, CenterCare, and participants in the Children's Medical Security Plan (CMSP) whose income is equal to or less than 200% of the FPIG are eligible for full free care for medically necessary services[1] not covered by these programs (generally, this includes any medically necessary inpatient services). People who have been determined eligible for MassHealth but are not yet enrolled, including EAEDC patients, are eligible for full free care for medically necessary services provided before their MassHealth coverage date.[2]

### 3.2    Partial Free Care

Partial free care is available for people whose family income is from 201% to 400% of the FPIG. Healthy Start members whose income is from 201% to 225% of the FPIG and participants in CMSP whose family income is from 201% to 400% of the FPIG are also eligible for partial free care. People who qualify for partial free care are required to meet an annual deductible based on their income. Once they meet the deductible, they are eligible for full free care for the rest of their eligibility period. An applicant does not have to have bills up to or in excess of the deductible amount in order to qualify for partial free care.

### 3.3    Medical Hardship

Medical hardship is available for people who do not qualify for full free care and whose allowable medical expenses are so high that they are unable to pay for necessary medical care. This includes people who are eligible for partial free care, if their allowable medical expenses are so high that they cannot pay their deductible. In general, two conditions must be met in order to be eligible for medical hardship: 1) allowable medical expenses must exceed 30% of the applicant's gross family income, and 2) available assets must be insufficient to cover allowable medical expenses over this amount.

---

[1] A more detailed description of the services covered and any limitations on this coverage can be found in the Division's regulations at 114.6 CMR 10.02.
[2] Subject to the time limits outlined in 114.6 CMR 10.04(5).

## 3.4    Residency Requirements

**Residency is not dependent on U.S. citizenship or immigration status.** For the purposes of free care eligibility, a resident is *someone who is living in Massachusetts with the intention of remaining in the state indefinitely* (114.6 CMR 10.02). A person does not need to be a U.S. citizen in order to be eligible for free care. Massachusetts residents who qualify are eligible for free care for medically necessary services. Homeless residents of Massachusetts are considered residents, even though they do not have an address. Non-Massachusetts residents are only eligible for free care for emergency care or urgent care.[3]

---

[3] Definitions of emergency care and urgent care can be found in the Division's regulations at 114.6 CMR 10.02.

## 4.  SCREENING FOR OTHER PROGRAMS

Massachusetts law requires hospitals and CHCs to screen free care applicants for other health insurance benefits and public assistance programs that might pay for health care *before* qualifying people for free care.  The free care application assists in the screening process by asking strategic questions that may indicate eligibility for other programs.  Hospitals and CHCs are required to assist applicants in applying for these programs.  However, applicants may decline to apply for these programs; an applicant who declines to apply for another program may apply and, if eligible, be approved for free care.

### 4.1    MassHealth

Applicants for MassHealth must have an eligibility characteristic in addition to low income.  An applicant who does not fall into one of these categories or classifications is considered characteristically ineligible for MassHealth.  Applicants who do not have an eligibility characteristic and/or are not income eligible for MassHealth must not be required to apply for MassHealth before applying for free care.  Examples of eligibility characteristics include but are not limited to:

- pregnancy
- being under the age of 19
- having children under the age of 19 living in the household
- a mental or physical condition that limits or prevents the person from working for at least 12 months
- long-term unemployment
- being on unemployment compensation
- being over the age of 64
- being blind, disabled, or chronically ill

**Refer to specific information from MassHealth for more complete descriptions of the MassHealth eligibility requirements.**  You may call MassHealth at 1-800-841-2900 for more information.  Both U.S. citizens and immigrants are eligible for MassHealth provided they meet the appropriate requirements.  If an applicant applies for MassHealth and is denied, the person may still qualify for free care.

### 4.2    Other Programs

Other programs for which applicants might qualify include CenterCare, Healthy Start, and CMSP.  The Division also plans to issue a catalogue that will list other resources and programs that may be available to low income patients.

### 4.3    Completing More than One Application at the Same Time

Applicants for other programs may complete a free care application at the same time as they submit applications for other programs. In these cases, the status of the other application(s) must be determined before making the free care eligibility determination. Providers may satisfy the 30-day free care notification requirement by sending a letter to the applicant stating that his or her free care application is on hold pending a determination on the other application. Once the applicant's other application is approved or denied, the applicant's free care eligibility determination must be completed and the applicant must be notified in writing of the result within 30 days.

### 4.4    Applicants Who Decline to Apply for MassHealth

Applicants are not required to apply for MassHealth before applying for or being approved for free care. If an applicant declines to apply for MassHealth, note this in the space provided on the Facility Use Only form. If the applicant gives a reason why he or she is declining to apply, note this in the space provided. This is for information purposes only, and will help the Division better understand the reasons why people may not want to apply for the program. If an applicant does not provide a reason why he or she is declining to apply for MassHealth, he or she can still apply for and, if eligible, be approved for free care.

### 4.5    Students

Massachusetts state law requires all part-time (>75% course load) and full-time college and graduate students to participate in a qualifying health insurance program or in another health benefit plan with comparable coverage.[4] Hospitals and CHCs therefore must ask students whether they have such coverage. A student's enrollment in free care at a Massachusetts hospital or community health center is not a "health benefit program of comparable coverage" as required by the regulation. Because students are eligible for health insurance through their schools, students may only apply for free care to pay for deductibles, balances after insurance, and medically necessary services that are not covered by a student's health insurance policy. If a student does not have coverage, please also contact the Division at 617-988-3106 so that we may follow up with the school.

### 4.6    Deceased Applicants

A family member, power-of-attorney, executor, or other person with close knowledge of a deceased person's circumstances may apply for free care on his or her behalf. In these cases, the provider must investigate whether the deceased person has an estate, document the results of this investigation, and include the

---

[4] A more detailed description of student health insurance coverage requirements can be found in the Division's regulations at 114.6 CMR 3.00.

results with the free care application. If there is an estate, the provider must attach the estate before billing the deceased person's expenses to the Pool. If there is no estate, the provider must document this with an affidavit from the person applying for free care on the deceased person's behalf. The provider must still obtain residency documentation for the deceased applicant (a death certificate may be used).

## 4.6    Payer of Last Resort

The Uncompensated Care Pool a safety net for people who have limited or no access to health care coverage. Applicants should be encouraged, but not required, to apply for MassHealth and/or other programs before applying for free care.

Applicants applying for free care because of an accident, work-related injury, or disability may have their medical bills paid by another party or insurer. The applicant should indicate this in the section of the application titled "Other Insurance," and the hospital must pursue payment from the other party or insurer.

## 5.  COMPLETING THE FREE CARE APPLICATION

### 5.1    Free Care Application

*Applicant Information*

Applicant information must be provided as instructed on the application.  The applicant provides his or her full name, address, Social Security Number or Tax Identification Number (if one has been issued), telephone numbers (both home and work, if applicable), and mailing address if this is different from the street address.  The applicant should note his or her date of birth and gender, and indicate whether he or she is homeless or pregnant.  If the applicant does not have a Social Security Number or Tax Identification Number, he or she may write "N/A."  If the applicant is homeless, he or she may check the box and provide a shelter address or write "N/A."

Either the applicant or someone acting on the applicant's behalf can complete the free care application.  This can include a health care proxy, next-of-kin, or power of attorney.  In general, this does not include hospital or CHC staff, although under certain circumstances it may be acceptable—for example, if the applicant dictates the information to the hospital employee and then signs the form him- or herself.  A parent, guardian, or guarantor must sign the form if the applicant is under 18, unless the child is an emancipated minor.

**Minors:** *For the purposes of free care eligibility, minors receiving confidential services under M.G.L. Ch.112 s.12F may apply for free care using their own income information.  A free care application completed by a minor under this provision will only be valid for the purposes of billing the Uncompensated Care Pool for confidential medically necessary services provided under M.G.L. Ch.112 s.12F when no other source of funding is available to pay for the services confidentially.  It will not be valid for the purposes of billing other, non-confidential medically necessary services to the Pool, even if these other services are provided during the minor's eligibility period.  For all other services, minors are subject to the standard free care application procedures and documentation requirements, and therefore must complete a free care application documenting family income.*

If another person is filling out the application on the applicant's behalf, the person completing the application should answer all questions using the applicant's family and income information.  The person filling out the form must also include his or her own contact information on page 1 and sign the Assignment of Rights, which acknowledges that the information provided on the form is true to the best of his or her knowledge.  Signing the statement of rights does not make the person filling out the form financially responsible for the applicant's bill.

*Family Information*

Provide family information as instructed on the application.  Include Social Security or Tax I.D. numbers if any have been assigned.  However, an applicant

can be approved for free care even if Social Security or Tax I.D. Numbers are missing for the applicant or other members of the family. The definition of "family" used for calculating free care eligibility is "The patient, spouse and any minor dependents living in the household, and unborn children." Children aged 18 and over are not included in the "family" as defined for free care, even if they are living in the household. Indicate each family member's relationship to the applicant (spouse, son, daughter, etc.), date of birth, and gender. If anyone in the family is pregnant, check the box and include the unborn child[ren] in the eligibility calculation (the electronic application will automatically add the unborn child to the family count). The pregnant woman should be encouraged to apply for MassHealth for the child, even if the woman is ineligible. She should be encouraged to apply for MassHealth or Healthy Start for herself.

*Earned Income*

Provide information about earned income as instructed on the application. This includes the working family member's name, the employer name and address, the amount earned before taxes and deductions, and the frequency of the payment amount (weekly, monthly, or annually). Indicate the employer's size by noting how many people work for the employer. Applicants who work for employers with less than 50 employees may wish to receive more information on the Insurance Partnership. In situations where the applicant or another member of the family is temporarily unemployed, the applicant is unable to work as much as usual or is unemployed because of the illness, or another person in the family has reduced his or her working hours or left work in order to care for the applicant, estimate what the person might reasonably be expected to earn. This would also apply to seasonal or sporadic workers, whose income may be unpredictable or inconsistent over the course of a year. Use the Facility Use Only space on the form to calculate the person's total annual earned income.

*Other Income*

Provide information about other income as instructed on the application. The application form lists the types of income that fall into this category. Include the name of the family member who receives the income, the amount received, and how often. Write N/A in the space provided for anything that is not applicable. Use the Facility Use Only space on the form to calculate the total amount of other income received annually.

If the applicant or anyone else in the family is required to make payments for alimony, child support, or a personal needs allowance for a family member in a nursing home, please fill out that section as well. Include the name of the recipient of the payments. These payments are subtracted from earned and other income when calculating family income.

**Balances under $500:** *Verification of income is not required for a single visit when*

*the total charge for the visit is $500 or less. This is limited to only one time per year. Documentation is required before any subsequent visits during the applicant's eligibility period can be billed to the Pool.*

**Rental Income:** *Rental income is calculated by taking the gross amount that the applicant receives in rental income and deducting from it any mortgage payments, insurance premiums, property taxes, and water or sewer payments. The remaining amount is the applicant's net rental income. For example, an applicant receives $24,000 annually in rental income. She also pays $1,200 per month for a mortgage on the property, $100 per month in property insurance, $200 per month in property taxes, and $100 in water and sewer expenses. After these deductions, her net annual rental income is $4,800. Furthermore, if the applicant occupies part of the rental property, the amount that can be deducted must be prorated. For example, if the applicant owns a two-family home, and lives in one half and rents the other, she may deduct from her rental income half of the mortgage, insurance premiums, property taxes, and water or sewer payments for the property.*

*Other Insurance*

This section asks for information on any other insurance that the applicant may have that might pay for the applicant's medical expenses. Hospitals and CHCs must pursue alternative sources of payment for patients applying for free care.

If an applicant has an application pending for EAEDC, providers must determine the status of the applicant's EAEDC application and/or MassHealth coverage status before awarding free care. EAEDC patients applying for free care to pay for balances prior to their MassHealth enrollment date are required to complete a condensed free care application, but they are not required to sign the form. The provider must also verify the patient's EAEDC eligibility, and attach a copy of this verification to the application. The combination of a valid temporary EAEDC card and a REVS tape stating "Recipient not found" is acceptable documentation. Other forms of verification are also acceptable, such as a copy of the EAEDC card and a fax from DMA. The provider must ensure that the patient is (or was) not covered by MassHealth on the date of service that is being billed to the Pool.

People who receive Transitional Assistance are eligible for MassHealth. Providers should determine the status of a patient's application for Transitional Assistance before approving a Free Care application.

The status of other applications should be determined before approving a free care application from applicants with family income equal to or less than 400% of the FPIG who also have an application pending for CenterCare, Healthy Start, or CMSP (see Section 4.3). These people may qualify for free care for medically necessary services not covered by these programs if they are approved for and enroll in one of these programs.

---

[5] Subject to the time limits outlined in 114.6 CMR 10.04(5).

*Optional Question*

This question, which is optional, is asked for data collection and analysis purposes only, and cannot be used to determine free care eligibility. The applicant may decline to answer this question and still be approved for free care.

*Assignment of Rights*

The applicant must read and sign the assignment of rights. This statement performs several important functions:

- The applicant authorizes his or her employer and health insurance carrier to give information about the applicant to the hospital or CHC.

- If the applicant is seeking free care because of an accident or other incident and eventually receives compensation because of the accident or incident, he or she agrees to repay the hospital or CHC for medically necessary services covered by the Pool. This is limited to the amount of compensation that the applicant receives because of the accident or incident. Furthermore, hospitals and CHCs still have an obligation to seek third party liability payments after a service is billed to the Pool. The provider must provide documentation of the efforts to seek third party payments.

- The applicant agrees to tell the hospital or CHC if there are any changes to his or her family status that may affect his or her eligibility for free care, such as changes in family size, income changes, and health insurance coverage.

- The applicant agrees to provide documentation upon request.

- The applicant authorizes the hospital or CHC to give to the Division of Health Care Finance and Policy or its designee information needed to confirm free care eligibility and to administer the Pool.

- The applicant is informed that confidential information, such as information contained in the applicant's free care application, will not be released by the hospital or CHC to any state or federal agency other than the Division without the applicant's prior consent.

## 5.2   Condensed Free Care Application

In order to prevent applicants from having to supply duplicative information, applicants in certain special categories may apply for free care by using the condensed free care application:

- *People who are determined eligible for MassHealth, but are not yet enrolled.* Applicants who are determined eligible for MassHealth may complete the condensed free care application to receive free care for medically necessary services provided before the applicant's MassHealth coverage date. Providers must verify the applicant's MassHealth eligibility and attach a copy of the verification to the application form. This includes EAEDC enrollees, who must complete the condensed form, but do not need to sign the form. The

combination of a valid temporary EAEDC card and a REVS tape stating "Recipient not found" is acceptable documentation for EAEDC enrollees. Other forms of verification are also acceptable, such as a copy of the EAEDC card and a fax from DMA. The provider must ensure that the patient is (or was) not covered by MassHealth on the date of service that is being billed to the Pool.

- *People who are ineligible for MassHealth.* Applicants who apply for and are denied MassHealth may submit a completed Medical Benefit Request (MBR) and a condensed free care application, provided that the MBR was submitted to the Division of Medical Assistance within six months of the free care application date.

**Family Definition:** *The MBR uses "household" as the family unit, which is different from the definition of "family" that is used to determine free care eligibility. This may require recalculating family income using the free care definition of family. A person can apply for free care using a completed MBR in conjunction with a condensed application form either because the applicant has been found ineligible for MassHealth or because he or she is applying for MassHealth at the same time that he or she is applying for free care.*

- *Members of CenterCare.* An applicant enrolled in CenterCare is eligible for free care for medically necessary services not covered by the program, provided that the patient completes a condensed free care application and the hospital or CHC is able to verify enrollment with a valid membership card. Providers must include a copy of the card with the patient's signed application form; both sides of the card must be copied if both sides are used. CenterCare cards indicate whether a CenterCare patient has signed the Division's Assignment of Rights statement as part of his or her CenterCare application. If the patient signs the Assignment of Rights, the health center checks and initials a box labeled "FC" on the back of the card. If this box is checked and initialed, it is not necessary for the patient to complete and sign a condensed free care application at a second provider. A copy of the card (front and back) is sufficient. If the box is not checked, the patient must complete and sign a condensed free care application, and the provider should check and initial the box.

- *Members of the Children's Medical Security Plan (CMSP) or Healthy Start.*

  Full Free Care. Members of CMSP or Healthy Start whose family income is equal to or less than 200% of the FPIG are eligible for full Free Care for medically necessary services not covered by the program, provided that the patient completes a condensed Free Care application and provides the hospital or CHC with a copy of his or her membership card. CMSP members whose membership card indicates that the member has a $0 copayment for preventive care and a $1 copayment for illness or injury are in this income category. Healthy Start patients who are in this income category do not have a red star on their membership card.

Partial Free Care. Members of CMSP whose family income is from 201% to 400% of the FPIG are eligible for partial free care for medically necessary services not covered by the program, provided that the patient completes a condensed free care application and provides the hospital or CHC with a copy of his or her membership card. A CMSP membership card that indicates that the member has a $0 copayment for preventive care and a $3 copayment for illness or injury identifies these people. The provider must also obtain the patient's income information in order to calculate the patient's deductible. To get this information, call 617-624-6026.

Members of Healthy Start whose family income is from 201% to 225% of the FPIG are eligible for partial free care for medically necessary services not covered by the program, provided that the patient completes a condensed free care application and provides the hospital or CHC with a copy of his or her membership card. Healthy Start patients in this income category have a red star in the upper right hand corner of their Healthy Start card. When these women apply for free care, you must obtain their income information from Healthy Start in order to calculate their deductibles. To get this information, call 617-624-6026.

Providers must include a copy of the CMSP or Healthy Start card with the patient's signed application form, and both sides of the card must be copied if both sides are used. A parent, guardian, or guarantor must sign the form if the applicant is under 18, unless the child is an emancipated minor (see page 5-1).

- *Patients who are approved for free care at another hospital or CHC.* Patients who are determined eligible for free care at one provider may use the condensed free care application when applying for free care elsewhere. This includes patients enrolled in the Boston HealthNet Plan (silver card) and Cambridge Health Alliance Network Health (red and white card labeled "Network Health") free care programs. The second provider must obtain a copy of the full free care application and supporting documentation from the first provider, and is responsible for making its own eligibility determination and ensuring that shared information is still reflective of the applicant's eligibility status. The Assignment of Rights signed by the applicant allows this information to be shared between providers for determining free care eligibility. If the first provider does not provide the application form and documentation, however, the patient must complete a new free care application and provide new supporting documentation.

**Verification of Membership:** *If the applicant does not have his or her MassHealth, CMSP, Healthy Start, or CenterCare membership card, verification of his or her membership in the program from the administering agency or organization will be considered sufficient documentation of participation in the program.*

*Assignment of Rights*

All applicants must sign the condensed free care application form, which is necessary for both data collection purposes and patient confidentiality, as explained above. Only EAEDC enrollees are exempt from the signature requirement.

## 5.3    Medical Hardship Supplement

The medical hardship supplement is optional.  Only applicants who wish to apply for medical hardship assistance must fill out this form.  Applicants who wish to apply for medical hardship must also complete a free care application.

*Applicant Information*

Provide applicant information as instructed on the supplement.  The applicant should provide his or her full name, address, Social Security Number or Tax Identification Number (if one has been issued), telephone numbers (both home and work, if applicable), mailing address if this is different from the street address, and date of birth.  The applicant should also indicate whether he or she is homeless.  If the applicant does not have a Social Security Number or Tax Identification Number, he or she may write "N/A."  If the applicant is homeless, he or she may provide a shelter address or may write "N/A."  If a person other than the applicant is filling out the supplement, his or her contact information should be included on the free care application.

*Table 1: Health Expenses*

List all of the applicant's qualifying medical expenses from *all* providers here, as instructed on the form.  This includes:

- any health insurance premium expense
- allowable medical expenses: unpaid medical bills, for which the applicant is still responsible, incurred either before or after the date of the free care application as well as paid bills incurred after the date of the free care application
- Medicare Part A premium expense
- Medicare Part B premium expense

If the applicant has a pending application for free care at another hospital or CHC, or has been determined eligible for free care at another hospital or CHC, unpaid bills from the other hospital or CHC for which the patient is still responsible should be excluded from this list until the status of the other application is determined.  Failure to do so can result in an inaccurate eligibility determination.

*Table 2: Asset Information*

List all of the applicant's assets here, except for his or her primary residence and one motor vehicle.  The value of such assets as IRA accounts, Keogh plans, or term certificates, which may have a penalty for early withdrawal, should be the value of the asset *after* any penalties have been paid.  For items that have loans against them, such as a boat purchased with a bank loan, the value of the asset is the fair market value of the item less the amount of the loan balance.

**Assets with No Value:** *In rare instances, some assets have no value because they are inaccessible and cannot be converted to cash in order to pay any existing or anticipated medical expenses. These include assets that are subject to legal proceedings or whose ownership is in dispute, as well as assets that simply have no ready market and are impossible to sell. These assets should be listed on the form, but the "Cash Value" should be listed as "$0.00" and an explanation of why the asset has no value should be included in the application.*

*Signature*

As with both the free care application and the condensed free care application, the medical hardship supplement must be signed.

## 5.4    Family Supplement

The family supplement is an optional form that may be used when at least one member of a family has submitted a completed free care application and the required supporting documentation, and additional family members wish to apply for free care. As with all other free care application forms, a Facility Use Only form must be completed and attached to each family supplement.

*Applicant Information*

Provide applicant information as instructed on the supplement: the applicant's full name, address, Social Security Number or Tax Identification Number (if one has been issued), telephone numbers (both home and work, if applicable), mailing address if this is different from the street address, and date of birth. The applicant should also indicate whether he or she is homeless. If the applicant does not have a Social Security Number or a Tax I.D. Number, he or she may write "N/A." Provide the name, Social Security Number or Tax I.D. Number (if one has been issued), and date of birth of the family member whose free care application contains contact and income information for the applicant. If a person other than the applicant is filling out the form, include his or her contact information.

*Other Insurance*

This section asks for information on any other insurance that the applicant may have that might pay for the applicant's medical expenses. Hospitals and CHCs must pursue alternative sources of payment for patients applying for free care.

These are the same questions that are asked on the free care application, and responses to them are handled in the same way. See Section 5.1.

*Optional Question*

This question, which is optional, is asked for data collection and analysis purposes only, and cannot be used to determine free care eligibility. The applicant may decline to answer this question.

*Assignment of Rights*

> Either the applicant or someone acting on his or her behalf must sign the family supplement.

*Documentation*

> The required supporting documentation does not need to be attached to the family supplement, since it must be included with the free care application. It needs only to be easily accessible for audit purposes.

*Eligibility Period*

> The free care eligibility period for applicants who use the Family supplement to apply for free care will be the same as the free care eligibility period of the family member who completed the free care application and submitted the required supporting documentation.

## 5.5    Facility Use Only Form

Every free care application—full, condensed, or medical hardship supplement—must be accompanied by a Facility Use Only form. This form will serve as the provider record of how the free care determination was made and the result. It should not be given to the applicant.

It is very important to maintain accurate records of all free care applications that you process. These records serve as your facility's documentation, verifying that proper procedures are followed when making free care eligibility determinations. **Attach a copy of all calculations to the Facility Use Only form.**

*Part I: General Information*

> This section is for general information on the applicant, and should be completed as indicated on the form. Include the applicant's name, the date the application was received, the medical record number, and the patient billing number.

*Part II: Eligibility and Verification of Documentation*

> Record the documentation used to verify patient residency and reported income. Refer to Appendix B in this guide for a list of acceptable types of documentation. Note that in cases where signed affidavits are being used as documentation, the affidavit does *not* need to be notarized. Copies of the documentation used must be filed with the application.

> **Documentation:** *All of the forms of documentation listed in Appendix B are acceptable documentation of income and residency. When requesting documentation from applicants, providers must consider the priority given to each form of documentation. For example, when reporting income, applicants must first be asked to provide two weeks' worth of pay stubs. These should be recent, but do not need to be consecutive. A longer time period may be used if two weeks' worth is not enough to be sufficiently representative of the applicant's income (for example, if*

*the applicant is a seasonal worker). If applicants cannot comply with this request, they should be asked for a signed statement from their employer. Only if applicants cannot supply either of these two forms of documentation should the provider request a copy of their most recent tax return or W-2, or a signed affidavit attesting to their income. A tax return is not a required part of a Free Care application, but rather an alternative that may be used when other forms of documentation are not available.*

Mark the space provided if no income documentation is included with the free care application because this is a single visit with a balance of $500 or less. Documentation is required before any subsequent visits during the applicant's eligibility period can be billed to the Pool.

### Section A: Screening for Eligible Programs

Massachusetts law requires providers to screen free care applicants for other health insurance benefits and public assistance programs for which they may be eligible and assist them in applying for these programs. This does not mean that applicants are required to apply for MassHealth, nor that they must have been denied MassHealth benefits before being allowed to apply for free care. Indicate in this section why the applicant is not enrolled in MassHealth. Refer to Section 4 in this guide for an explanation of "characteristically ineligible."

If a patient declines to apply for MassHealth, note this in the space provided on the Facility Use Only form. If the applicant indicates why he or she is declining to apply for MassHealth, note this in the space provided. This is for information purposes only, and will help the Division better understand the reasons why people may not want to apply for the program. If an applicant does not provide a reason why he or she is declining to apply for MassHealth, he or she can still apply for and, if eligible, be approved for free care.

### Section B: Reason for Condensed Free Care Application

Indicate in this section the documentation being used to support using a condensed free care application. Copies of all documentation must be filed with the application. Note that while a condensed form must be completed for EAEDC enrollees, they are not required to sign it. If using a free care application and documentation from another provider, the hospital or CHC is still required to make an eligibility determination based upon that information, and the provider is responsible for ensuring that the shared information is still reflective of the applicant's eligibility status. Note the name of the other provider in the space provided.

### Section C: Medical Hardship Documentation

For a medical hardship determination, collect and indicate the documentation being used to verify reported assets. For additional space, please attach a separate sheet. Copies of the documentation used must be filed with the application. Refer to Appendix B in this guide for a list of acceptable forms of documentation.

*Part III: Facility Approval*

Indicate whether the applicant is eligible for free care, what kind of free care is being approved, and the deductible or contribution amount if the patients is eligible for partial free care or medical hardship. A space has been included on the form for your convenience if you are using the free care application as a Medicare Indigence application. These accounts are billed to Medicare, not to the Uncompensated Care Pool.

Note the length of the eligibility period with starting and ending dates, and the name and title of the person who made the eligibility determination and the person who approved it.

FIGURE 1: THE FREE CARE APPLICATION PROCESS



5-13

11/99

\* This does not apply to all MassHealth members.  See Section 5.2 for more explanation.
\*\* Patients may apply and be approved for Free Care if they refuse to apply for another program of public assistance or if they do not have eligibility characteristics that may qualify them for other programs.

11/99

# 6. ELIGIBILITY CALCULATIONS

## 6.1   Free Care

To determine eligibility for free care, add earned income and other income, subtract any alimony, child support payments, or personal needs allowance for a family member in a nursing home, and compare the family income to the free care income guidelines.

| Total Earned Income | + Total Other Income | – Alimony and Child Support Payments | = Family Income |
|---|---|---|---|

See Appendix D for the 1999 Federal Poverty Income Guidelines (FPIG). These guidelines are updated annually, so you must obtain a copy of the updated guidelines each year when they are released by the U.S. Department of Health and Human Services. The Division also posts the updated guidelines to its Web site.

### Full Free Care

Applicants whose family income is equal to or less than 200% of the FPIG qualify for full free care. Massachusetts residents who meet this income requirement are eligible for full free care for medically necessary services. Non-Massachusetts residents who meet this income requirement are eligible for full free care for emergency care and urgent care only.

### Partial Free Care

Applicants whose family income is from 201% to 400% of the FPIG are eligible for partial free care. Applicants who are eligible for partial free care must meet a deductible based upon their income. An applicant does not have to have bills up to or in excess of the deductible amount in order to qualify for partial free care. The total amount of a patient's liability is capped in any given year at this amount; there is only one deductible per family per eligibility period.[6] After the deductible has been met, the patient is eligible to receive full free care for medically necessary services at the hospital or CHC for the remainder of the eligibility period. Calculate the deductible according to the following formula:

**[Gross Family Income - (2 x FPIG)] x 40% = Annual Patient Deductible**

- *Hospitals.* Once a hospital calculates a patient's deductible, the hospital must track the patient's expenses until the patient meets the deductible. The hospital may require a deposit for non-emergency care and/or a payment plan depending on the amount of the deductible.[7]

---

[6] A more detailed explanation of deductible payments can be found in the Division's regulations at 114.6 CMR 10.05.

[7] A more detailed explanation of deposits and payment plans can be found in the Division's regulations at 114.6 CMR 10.05(3).

11/99

- *CHCs.* Patients at CHCs who are eligible for partial free care must pay a percentage of each bill incurred during their eligibility period until they meet the deductible. This percentage is determined according to the following sliding fee scale:

| Income as % of FPIG | % of charges paid by patient |
|---|---|
| 201% to 250% | 20% |
| 251% to 300% | 40% |
| 301% to 350% | 60% |
| 351% to 400% | 80% |

## 6.2    Medical Hardship

The eligibility calculation for medical hardship is a two-step process: first, the expense qualification; and second, the resource qualification.

*Expense qualification*

In order to qualify for medical hardship, the patient's allowable medical expenses must exceed 30% of the applicant's gross family income.

**Step 1.** Use the information provided by the applicant on the full free care application to determine the family's annual gross income. If the applicant or another member of the family is temporarily unemployed, the applicant is unable to work as much as usual or is unemployed because of the illness, or another person in the family has reduced his or her working hours or left work in order to care for the applicant, estimate what the person might reasonably be expected to earn. This would also apply to seasonal or sporadic workers, whose income may be unpredictable and inconsistent over the course of a year. Multiply the annual gross family income by 30%.

**Family's Annual Gross Income  x  0.3 = 30% of Family's Annual Gross Income**

**Step 2.** Use the information provided by the applicant in Table 1 of the medical hardship supplement to determine the applicant's allowable medical expenses.

**Step 3.** Compare these amounts. If the applicant's allowable medical expenses (determined in *Step 2*) are greater than 30% of the family's annual gross income (determined in *Step 1*), the applicant meets the expense qualification.

**If 30% of Family's Annual Gross Income < Allowable Medical Expenses:**
Patient Meets Expense Qualification

**If 30% of Family's Annual Gross Income > Allowable Medical Expenses:**
Patient Fails Expense Qualification

**Step 4.** Subtract 30% of the family's gross income from the allowable medical expenses to determine the amount by which the allowable medical expenses exceed the available income. These are "excess medical expenses."

11/99

Allowable Medical Expenses

− 30% of Family's Annual Gross Income

**Excess Medical Expenses**

*Resource qualification*

In order to qualify for medical hardship, the applicant's assets must be insufficient to cover the applicant's excess medical expenses.

**Step 5.** Use the information provided by the applicant in Table 2 of the medical hardship supplement to calculate the total available family assets. Available assets *do not include* the primary residence, one motor vehicle, and a resource exclusion of the first $4,000 of other assets for an individual, or $6,000 for a family of two, and $1,500 for each additional family member.

**Step 6.** Compare the available assets (determined in *Step 5*) to the excess medical expenses (determined in *Step 4*).

- If the available assets are greater than the excess medical expenses, the applicant is not eligible for medical hardship.

If **Available Assets > Excess Medical Expenses**: Applicant is **Not Eligible**

- If the available assets are less than the excess medical expenses, the patient is eligible for medical hardship.

If **Available Assets < Excess Medical Expenses**: Applicant is **Eligible**

*Medical Hardship Contribution*

- Add the available assets (determined in *Step 5*) to 30% of the applicant's annual gross income (determined in *Step 1*) to determine the applicant's medical hardship contribution. There is only one medical hardship contribution per family per eligibility period. The patient is responsible for all allowable medical expenses up to this medical hardship contribution. The patient is eligible for free care for all allowable medical expenses in excess of the medical hardship contribution for the length of the free care eligibility period.

Available Assets

+ 30% of Family's Gross Annual Income

**Medical Hardship Contribution**

*Payment*

First apply the allowable medical expenses billed by other providers to the patient's medical hardship contribution. If the medical hardship contribution exceeds the allowable medical expenses billed by other providers, you may then apply your facility's allowable medical expenses to the medical hardship contribution. The applicant must pay that portion of the bill that is applied to

the medical hardship contribution.  Any balance above the applicant's medical hardship contribution may be billed to the Pool for the length of the free care eligibility period.

11/99

# 7. EXAMPLES

These examples are for illustrative purposes only, and are not reflective of every situation.

## 7.1    Free Care Family Definition

These examples illustrate how to use the free care definition of "family" when calculating free care eligibility. Remember to screen family members for MassHealth eligibility as well.

**Arnold and Jen** are married with two children, ages four and nineteen. The nineteen-year-old is a college student with no income. Together, Arnold and Jen make $60,000. Arnold, Jen, and the four-year-old are a family of three. The nineteen-year-old is a family of one.

**Helen** is a single mother caring for three minor children and a grandmother. Helen's gross family income of $27,000 includes child support. Helen and her children comprise a family of four. The grandmother is considered a family of one.

**George and Maria** are divorced. They are both applying for free care. They share joint custody of their only child, Marcio. However, only one parent can count him as a minor dependent on the free care application. Who gets to count Marcio? Marcio lives four days each week with his father, and three days each week with his mother. Therefore, George applies for free care as a family of two, and Maria applies for free care as a family of one.

## 7.2    Full Free Care

These examples are intended to provide illustrations of people who may be eligible for full free care and how the eligibility determination is made. Remember to screen applicants for MassHealth eligibility as well.

**Sunny** lives in Bedford, MA. Her annual income is $15,000. Her income is less than 200% of the FPIG, and therefore she is income-eligible for full free care.

**Ralph** is a resident of Vermont who received emergency care in a Massachusetts hospital. With an annual income of $13,000, which is less than 200% of the FPIG, Ralph is eligible for full free care for emergency and urgent care only.

**Alice**, who is a resident of New York, goes into labor while in Stockbridge, MA. Her annual income is $16,000. Alice is eligible for full free care for emergent and urgent care services only, which includes active labor.

**Bill** lives in New Hampshire, and has an annual income of $12,000. He has scheduled surgery at a Massachusetts hospital two weeks in advance for a procedure that is not available in his home state. Is Bill eligible for free care? No, because he is not receiving emergent or urgent care services.

## 7.3    Partial Free Care

These examples are intended to provide illustrations of people who are eligible for partial free care and how to calculate their free care deductibles. Remember to screen applicants for MassHealth eligibility as well.

**Suzanne** is a single woman with an annual income of $31,560. She does not have health insurance to cover her expenses at Hospital A, where she is applying for free care. With an annual income that is approximately 383% of the FPIG, Suzanne is eligible for partial free care and has an annual deductible.

*Deductible calculation:*

(1)    [$31,560 - (2 x 8,240)] x 40% = **$6,032**

(2)    Suzanne is responsible for **$6,032** in medical expenses. Expenses for medically necessary services in excess of $6,032 may be billed to the Pool by Hospital A for the remainder of her free fare eligibility period.

**Paul and Mary** are married, with a gross annual income of $25,000. Paul is seeking treatment at a local community health center. With an annual income that is approximately 226% of the FPIG, Paul and Mary are eligible for partial free care, and must pay 20% of the cost of medically necessary services that Paul receives at the CHC until he meets the annual deductible. For example, if Paul visits the CHC and incurs a bill of $160, Paul is responsible for paying $32. The remaining $128 may be billed to the Pool.

*Deductible calculation:*

(1)    [$25,000 - (2 x $11,060)] x 40% = **$1,152**

(2)    Paul is responsible for paying **$1,152**. After he has paid $1,152 to the CHC, he is eligible for full free care to pay for the cost of medically necessary services that he receives at the CHC for the rest of his eligibility period.

**Leon** is single, with an annual income of $19,000. He is applying for free care at Hospital B, where he has incurred allowable medical expenses totaling $2,000. Leon is eligible for partial free care because his income is approximately 231% of the FPIG.

*Deductible calculation:*

(1)    [$19,000 - (2 x $8,240)] x 40% = **$1,108**

(2)    Leon is responsible for **$1,108** in medical expenses. Hospital B requires a deposit of 15% of the deductible amount up to $500. His deposit is **$151**. Hospital B offers a one-year payment plan for the remaining $957 of his deductible. The remaining $892 of Leon's allowable medical expenses at Hospital B may be billed to the Pool, along with any

additional allowable medical expenses that he incurs at Hospital B during the remainder of his eligibility period.

## 7.4    Medical Hardship

These examples demonstrate how to make a medical hardship eligibility determination, and if the person is eligible for medical hardship, how to calculate the applicant's medical hardship contribution. Remember to screen applicants for MassHealth eligibility as well.

**Anna** is a single woman with a gross annual income of $35,000. She has accrued $15,000 in allowable medical expenses. Anna's assets are one automobile and $5,000 in savings.

*Expense qualification:*

(1)    $35,000 x .30 = **$10,500**

(2)    allowable medical expenses = **$15,000**

(3)    $10,500 < $15,000  Anna meets the expense qualification because her medical expenses are greater than 30% of her gross income.

(4)    excess medical expenses = $15,000 - $10,500 = **$4,500**

*Resource qualification:*

(5)    Anna's available assets do not include her automobile and a resource exclusion of $4,000; therefore, her available assets are:

$5,000 (savings) - $4,000 (exclusion) = **$1,000**.

(6)    $1,000 < $4,500  Since Anna's available assets are less than her excess medical expenses, she is eligible for medical hardship. Add 30% of her annual gross income to her available assets to determine her medical hardship contribution.

$10,500 + $1,000 = **$11,500**

Anna's medical hardship contribution is **$11,500**. She is eligible for free care for all allowable medical expenses in excess of this amount for the remainder of her period of free care eligibility.

**Adam and Pam** are married with a gross annual income of $60,000. Recently, Adam was billed $30,000 for medical expenses incurred at Hospital A, including physician bills. In addition, he owes $1,000 to Hospital B for other medically necessary services. The family's assets are a house, two cars worth $10,000 each, and $1,000 in savings. Adam is applying for free care due to medical hardship at Hospital A.

*Expense qualification:*

(1)    $60,000 x .30 = **$18,000**

(2)    allowable medical expenses = **$31,000**

(3)    $18,000 < $31,000  Adam meets the expense qualification because his medical expenses are greater than 30% of the family's gross income.

(4)    excess medical expenses = $31,000 - $18,000 = **$13,000**

*Resource qualification:*

(5)    Adam and Pam's available assets do not include their house, one automobile, and a resource exclusion of $6,000.  Their available assets are:

$10,000 (second car) + $1,000 (savings) - $6,000 (exclusion) = **$5,000**

(6)    $5,000 < $13,000  Since Adam's available assets are less than his excess medical expenses, he is eligible for medical hardship.  Add 30% of his annual gross income to his available assets to determine his medical hardship contribution.

$18,000 + $5,000 = **$23,000**

Adam's medical hardship contribution is **$23,000**.  He is eligible for free care for all allowable medical expenses in excess of this amount for his free care eligibility period.

*Payment*

Adam does not have a free care application pending at Hospital B.  Hospital A must first apply the allowable medical expenses billed by Hospital B to Adam's medical hardship contribution.  Adam must pay $1,000 to Hospital B.  Adam's medical hardship contribution ($23,000) less his allowable expenses at Hospital B ($1,000) equals **$22,000**, so Adam is responsible for paying for the first $22,000 of his medical expenses at Hospital A.  Hospital A may bill the Pool for the remaining $8,000, plus for any additional allowable medical expenses over this amount that are incurred by Adam for the length of his free care eligibility period.

**Jeff and Karen** are married with one minor child.  Their gross annual income is $60,000.  They do not qualify for free care.  Karen recently incurred hospital bills totaling $22,000.  The family's assets are a house, two cars worth $5,000 each, and $8,000 in savings.

*Expense qualification:*

(1)    $60,000 x .30 = **$18,000**

(2)    allowable medical expenses = **$22,000**

(3)    $18,000 < $22,000  Karen meets the expense qualification because her medical expenses are greater than 30% of the family's gross income.

(4)    excess medical expenses = $22,000 - $18,000 = **$4,000**

*Resource qualification:*

11/99

(5)    Jeff and Karen's available assets do not include their house, one car and a resource exclusion of $7,500 ($6,000 for Jeff and Karen and $1,500 for the child); therefore, their available assets are:

$5,000 (second car) + $8,000 (savings) - $7,500 (exclusion) = **$5,500**

(6)    $5,500 > $4,000  Since Jeff and Karen's available assets are greater than Karen's excess medical expenses, she is not eligible for Medical Hardship.

**Pete** is single, with a gross annual income of $45,000. His income is too high for him to be eligible for free care. However, he recently incurred physician bills of $15,000, pharmacy bills of $3,000, and hospital bills totaling over $8,000 at Hospital C. His assets are a house, one car worth $10,000, a motorcycle worth $3,000, and $4,500 in savings. He is applying for free care due to medical hardship at Hospital C.

*Expense qualification:*

(1)    $45,000 x .30 = **$15,000**

(2)    allowable medical expenses = **$26,000**

(3)    $15,000 < $26,000  Pete meets the expense qualification because his medical expenses are greater than 30% of his gross income.

(4)    excess medical expenses = $26,000 - $15,000 = **$11,000**

*Resource qualification:*

(5)    Pete's available assets do not include his house, his automobile, and a resource exclusion of $4,000; therefore his available assets are:

$3,000 (motorcycle) + $4,500 (savings) - $4,000 (exclusion) = **$3,500**

(6)    $3,500 < $11,000  Since Pete's available assets are less than his excess medical expenses, he is eligible for medical hardship. Add 30% of his annual gross income to his available assets to determine his medical hardship contribution.

$$15,000 + $3,500 = **$18,500**$$

Pete's medical hardship contribution is **$18,500**. The first $18,000 of his medical hardship contribution goes towards his physician and pharmacy bills. The next $500 is applied to his hospital bills. He is eligible for free care for the remainder of his allowable medical expenses at Hospital C.

# 8. NOTIFICATION PROCEDURES

Providers must give the applicant written notice of an eligibility determination within 30 days of receipt of a complete free care application, unless the application is on hold pending an eligibility determination from another program (see Section 4.3). Some sample determination letters with suggested language that providers may use as models are included in Appendix C of this guide. While providers do have some flexibility in deciding what they wish to include in these letters, certain elements in the letters are required by 114.6 CMR 10.08(3).

*Free care approval letters must:*

- explain whether the person is eligible for full free care or free care for emergency and urgent services for non-Massachusetts residents
- include the dates of eligibility
- list services that free care does not cover
- explain how to re-apply for free care at the end of the eligibility period
- include the name and telephone number of a contact person for more information about free care
- explain how to file a grievance with the Division
- include the signature of an authorized person

*Partial free care approval letters must:*

- explain whether the person is eligible for partial free care for all medically necessary services or only partial free care for emergent and urgent services because the applicant is not a Massachusetts resident
- include the dates of eligibility
- include the amount of the patient deductible
- inform the applicant of any required deposit for non-emergency services
- include information about written payment plans
- explain how to apply for medical hardship
- explain how to re-apply at the end of the eligibility period
- list services that free care does not cover
- include the name and telephone number of a contact person for more information
- explain how to file a grievance with the Division
- include the signature of an authorized person

11/99

*Medical hardship approval letters must:*

- explain whether the person is eligible for medical hardship for all medically necessary services or only for emergent and urgent services because the applicant is not a Massachusetts resident
- include the dates of eligibility
- include the amount for which the patient is liable
- inform the applicant of any required deposit for non-emergency services
- include information about written payment plans
- explain how to re-apply at the end of the eligibility period
- list services that free care does not cover
- include the name and telephone number of a contact person for more information
- explain how to file a grievance with the Division
- include the signature of an authorized person

*Free care denial letters must:*

- explain why the applicant is not eligible for free care or partial free care
- explain how to apply for medical hardship
- include the name and number of a contact person for more information
- explain how to file a grievance with the Division
- include the signature of an authorized person

*Medical hardship denial letters must:*

- explain why the applicant is not eligible for medical hardship
- include the name and number of a contact person for more information
- explain how to file a grievance with the Division
- include the signature of an authorized person

11/99

## 9. GRIEVANCE PROCEDURES

Free care applicants have the right to appeal a provider's decision regarding free care eligibility or covered services to the Division of Health Care Finance and Policy. If a grievance procedure exists at the provider, the applicant may choose to pursue the provider's grievance procedure before contacting the Division. However, the provider cannot require that the applicant do so. Providers must inform applicants of their right to submit their grievance, along with any supporting documentation, directly to the Division.

*The grievance procedure is as follows:*

- The applicant must send a written grievance, along with any supporting documentation, to the Division of Health Care Finance and Policy.
- The Division will send a copy of the complaint to the hospital or CHC and may ask the hospital or CHC for additional information.
- The hospital or CHC has 30 days to answer the complaint in writing.
- When the Division receives all necessary information, it will review the complaint and the hospital or CHC's response. The Division will issue a written decision to the applicant and to the hospital or CHC within 30 days. The decision will contain a brief explanation of the reason(s) for the Division's actions.

*Grievances should be submitted to:*

**Division of Health Care Finance and Policy**
**Free Care Appeals**
**Two Boylston Street**
**Boston, MA  02116**
**(617) 988-3222**