UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  1:04-cv-11663-RCL

| | | |
|---|---|---|
| DIANE HARRINGTON, On Behalf of Herself and All Others Similarly Situated, | ) ) | |
| Plaintiff, | ) ) | ANSWER OF DEFENDANTS BAYSTATE MEDICAL CENTER, INC. AND BAYSTATE HEALTH SYSTEM, INC. |
| v. | ) ) ) | |
| BAYSTATE MEDICAL CENTER, et al. | ) | |
| Defendants | ) | |

Defendants Baystate Medical Center, Inc. ("BMC") and Baystate Health System, Inc. ("BHS") hereby respond to the allegations contained in Plaintiff's Complaint-Class Action ("Complaint") as follows:

**First Defense**

**I.  INTRODUCTION**

1.  BMC and BHS admit that they are tax-exempt entities under federal and state law, but they deny the remaining allegations contained in paragraph 1 of the Complaint.

2-5.  BMC and BHS deny the allegations contained in paragraphs 2 through 5 of the Complaint.

6.  BMC and BHS admit that BMC reported net assets of $204,622,334 on its Form 990 for the fiscal year ending September 30, 2002, but they deny the remaining allegations contained in paragraph 6 of the Complaint.

7-8.  BMC and BHS deny the allegations contained in paragraphs 7 and 8 of the Complaint.

## II. UNINSURANCE IN MASSACHUSETTS

9. BMC and BHS admit that the lack of health insurance is a problem for many citizens in Massachusetts, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. BMC and BHS admit that the Medicare program provides health insurance for some people age 65 and over, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12-18. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 18 of the Complaint.

## III. PARTIES

19. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. BMC and BHS admit the allegations contained in paragraph 20 of the Complaint.

21-22. BMC and BHS admit that the American Hospital Association ("AHA") is a national trade association for hospitals, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 21 and 22 of the Complaint.

## IV. JURISDICTION AND VENUE

23. BMC and BHS deny the allegations contained in paragraph 23 of the Complaint.

24. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

## V. **FACTS**

25-26.  BMC and BHS admit that BMC is a Massachusetts-based, tax-exempt, charitable nonprofit hospital and that BHS is a Massachusetts-based, tax-exempt, charitable, nonprofit health system, and that BHS is the largest health system in western Massachusetts, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 25 and 26.

27.  BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and further state that any such Form 990's speak for themselves.

28.  BMC and BHS deny the allegations contained in paragraph 28 of the Complaint.

29.  BMC and BHS state that they are tax-exempt organizations under 26 U.S.C. § 501(c)(3), and otherwise deny the allegations contained in the first sentence of paragraph 29 of the Complaint.  BMC and BHS state that the second sentence of paragraph 29 contains a statement of law to which no response is required, and they deny the second sentence to the extent it is inconsistent with the law referenced therein.  BMC and BHS deny the remaining allegations in paragraph 29 of the Complaint.

30.  BMC and BHS state that they are tax-exempt organizations for state and local tax purposes, and otherwise deny the remaining allegations contained in paragraph 30 of the Complaint.

31-39.  BMC and BHS deny the allegations contained in paragraphs 31 through 39 of the Complaint.

40. BMC and BHS admit that the AHA is a national trade association for hospitals, and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint.

41-42. BMC and BHS deny the allegations contained in paragraphs 41 and 42 of the Complaint.

43. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

## VI. PLAINTIFF

44. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. BMC and BHS admit that plaintiff received medical treatment at BMC, but they deny the remaining allegations contained in paragraph 45 of the Complaint.

46-47. BMC and BHS deny the allegations contained paragraphs 46 and 47 of the Complaint.

48-49. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 48 and 49 of the Complaint.

50-51. BMC and BHS deny the allegations contained in paragraphs 50 and 51 of the Complaint.

## VII. CLASS ACTION ALLEGATIONS

52-53. Paragraphs 52 and 53 are statements purporting to define a class to which BMC and BHS believe no response is required. To the extent a response is required, BMC and BHS deny the allegations contained in paragraphs 52 and 53 of the Complaint.

54. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55-64.  BMC and BHS deny the allegations contained in paragraphs 55 through 64 of the Complaint.

## VIII.  CAUSES OF ACTION

### COUNT ONE
### THIRD PARTY BREACH OF CONTRACT

65. BMC and BHS respond to the allegations contained in paragraph 65 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

66-69.  BMC and BHS deny the allegations contained in paragraphs 66 through 69 of the Complaint.

### COUNT TWO
### BREACH OF CONTRACT

70. BMC and BHS respond to the allegations contained in paragraph 70 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

71-73.  BMC and BHS deny the allegations contained in paragraphs 71 through 73 of the Complaint.

### COUNT THREE
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

74. BMC and BHS respond to the allegations contained in paragraph 74 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

75-79.  BMC and BHS deny the allegations contained in paragraphs 75 through 79 of the Complaint.

## COUNT FOUR
## BREACH OF CHARITABLE TRUST

80.     BMC and BHS respond to the allegations contained in paragraph 80 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

81-84.  BMC and BHS deny the allegations contained in paragraphs 81 through 84 of the Complaint.

## COUNT FIVE
## MASSACHUSETTS REGULATION OF BUSINESS PRACTICE
## AND CONSUMER PROTECTION ACT

85.     BMC and BHS respond to the allegations contained in paragraph 85 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

86-87.  BMC and BHS state that paragraphs 86 and 87 contain statements of law to which no response is required, and they deny the allegations contained in those paragraphs to the extent such allegations are inconsistent with the law referenced therein.

88-90.  BMC and BHS deny the allegations contained in paragraphs 88 through 90 of the Complaint.

## COUNT SIX
## VIOLATIONS OF THE EMERGENCY MEDICAL TREATMENT
## AND ACTIVE LABOR ACT

91.     BMC and BHS respond to the allegations contained in paragraph 91 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

92.     BMC and BHS state that paragraph 92 contains statements of law to which no response is required, and they deny the allegations of paragraph 92 to the extent such allegations are inconsistent with the law referenced therein.

93.	BMC and BHS admit that BMC is a "participating hospital" as defined in 42 U.S.C. §1395dd, and they deny the remaining allegations contained in paragraph 93 of the Complaint.

94-95.	BMC and BHS deny the allegations contained in paragraphs 94 and 95 of the Complaint.

### COUNT SEVEN
### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

96.	BMC and BHS respond to the allegations contained in paragraph 96 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

97-99.	BMC and BHS deny the allegations contained in paragraphs 97 through 99 of the Complaint.

### COUNT EIGHT
### INJUNCTIVE/DECLARATORY RELIEF

100.	BMC and BHS respond to the allegations contained in paragraph 100 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

101-103.	BMC and BHS deny the allegations contained in paragraphs 101 through 103 of the Complaint.

### COUNT NINE
### CIVIL CONSPIRACY/CONCERT OF ACTION

104.	BMC and BHS respond to the allegations contained in paragraph 104 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

105-111.	BMC and BHS deny the allegations contained in paragraphs 105 through 111 of the Complaint.

## COUNT TEN
## AIDING AND ABETTING

112. BMC and BHS respond to the allegations contained in paragraph 112 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

113-121. BMC and BHS deny the allegations contained in paragraphs 113 through 121 of the Complaint.

## COUNT ELEVEN
## VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

122. BMC and BHS respond to the allegations contained in paragraph 122 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

123. BMC and BHS deny the allegations contained in paragraph 123 of the Complaint.

124. BMC and BHS state that paragraph 124 contains a statement of law to which no response is required, and they deny the allegations of paragraph 124 to the extent such allegations are inconsistent with the law referenced therein.

125-131. BMC and BHS deny the allegations contained in paragraphs 125 through 131 of the Complaint.

132. The complaint contains no paragraph 132.

## COUNT TWELVE
## VIOLATIONS OF 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT AND VIOLATIONS OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

133. BMC and BHS respond to the allegations contained in paragraph 133 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 64, above.

134-135. BMC and BHS state that paragraphs 134 and 135 contain statements of law to which no response is required, and they deny the allegations in those paragraphs to the extent such allegations are inconsistent with the law referenced therein.

136. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint.

137. BMC and BHS state that paragraph 137 contains a statement of law to which no response is required, and they deny the allegations in paragraph 137 to the extent such allegations are inconsistent with the law referenced therein.

138. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

139. BMC and BHS state that paragraph 139 contains a statement of law to which no response is required, and they deny the allegations in paragraph 139 to the extent such allegations are inconsistent with the law referenced therein.

140. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141. BMC and BHS state that paragraph 141 contains a statement of law to which no response is required, and they deny the allegations in paragraph 141 to the extent such allegations are inconsistent with the law referenced therein.

142-161. BMC and BHS deny the allegations contained in paragraphs 142 through 161 of the Complaint.

162. BMC and BHS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Complaint.

163. BMC and BHS deny the allegations contained in paragraph 163 of the Complaint.

## IX. **DAMAGES**

164. BMC and BHS respond to the allegations contained in paragraph 164 of the Complaint by adopting herein by reference their responses to paragraphs 1 through 163, above.

165.  BMC and BHS deny the allegations contained in paragraph 165 of the Complaint.

WHEREFORE CLAUSE:  BMC and BHS deny the allegations in the Wherefore Clause following paragraph 165 of the Complaint.

### Second Defense

Plaintiff's claims are barred, in whole or in part, for the reasons set forth in the pending Motion to Dismiss and accompanying papers filed by BMC and BHS, which are adopted by reference and incorporated herein.

### Third Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Fourth Defense

As set forth in M.G.L. c. 93A, § 3, c. 93A does not apply to transactions or actions such as those alleged in the Complaint because such transactions or actions were otherwise permitted under the laws as administered by regulatory boards or officers acting under statutory authority of the Commonwealth or of the United States.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, claim preclusion, waiver, estoppel or laches.

### Sixth Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### Seventh Defense

Plaintiff lacks standing, individually or as a class representative, to assert claims premised on purported violations of 26 U.S.C. § 501(c)(3) and any similar state or local laws.

**Eighth Defense**

All of BMC and BHS's actions or inactions with respect to matters referred to in the Complain were taken or not taken in good faith.

**Ninth Defense**

Any contract alleged by plaintiff fails for lack or failure of consideration.

**Tenth Defense**

Plaintiff failed to mail or deliver to BMC or BHS, at least thirty days prior to the filing of this action, a written demand for relief, identifying the claimant and reasonably describing the alleged unfair or deceptive act or practice relied upon and the injury allegedly suffered, as required by M.G.L. c. 93A, § 9.

**Eleventh Defense**

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate her alleged damages.

**Twelfth Defense**

Plaintiff's claim for class action certification is barred because the class alleged does not constitute a proper class.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to satisfy the prerequisites for a class action set forth in Fed. R. Civ . P. 23.

**Fourteenth Defense**

Plaintiff's claims are barred, in whole or in part, because federal or state agencies have exclusive or primary jurisdiction over the matters covered by plaintiff's allegations.

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, because plaintiff has unclean hands.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, because the performance of BMC and BHS is excused by plaintiff's breach of her contractual duty to pay BMC for medical services.

**Seventeenth Defense**

No private right of action exists under 26 U.S.C. §501(c)(3) or Massachusetts statutes and regulations providing for state and local income, property and sales tax exemptions, plaintiff is not a third party beneficiary of any purported contracts arising under these statutes, and thus the claims plaintiff purports to bring under these statutes should be dismissed.

**Eighteenth Defense**

Plaintiff's claims are barred, in whole or in part, because no fiduciary relationship exists between plaintiff and either BMC or BHS.

>Respectfully submitted,
>
>The Defendants
>Baystate Medical Center, Inc.
>and Baystate Health System, Inc.
>By Their Attorneys:
>
>     /s/ Carol E. Kamm
>Francis D. Dibble, Jr.
>  BBO No. 123220
>J. Michael Scully
>  BBO No. 555460
>Carol E. Kamm
>  BBO No. 559252
>Bulkley, Richardson and Gelinas, LLP
>1500 Main Street, Suite 2700
>Springfield, MA  01115
>Tel.:  (413) 781-2820
>Fax:  (413) 272-6804

Dated: November 8, 2004

281684