IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jill Shriner, on behalf of herself
and all others similarly situated

Case No. 3:04CV7435

Plaintiff,

v.

ORDER

ProMedica Health System, Inc., et al.,

Defendants.

Plaintiff Jill Shriner seeks to bring a class action against defendants ProMedica Health System, Inc. (ProMedica) and the American Hospital Association (AHA) based on alleged breach of contract related to a federal tax exemption codified at 26 U.S.C. § 501(c)(3). This case is part of a wave of lawsuits filed around the nation on behalf of uninsured and indigent patients. Pending are defendants' motions to dismiss.

Similar lawsuits have been dismissed in courts around the nation. *Lorens v. Catholic Health Care Partners*, No. 1:04CV1151 (E.D. Ohio, Jan 13, 2005); *Burton v. William Beaumont Hosp.*, 2004 WL 2790624 (E.D. Mich. Dec. 3, 2004); *Darr v. Sutter Health*, 2004 WL 2873068 (N.D. Ca. Nov. 30, 2004); *Amato v. UPMC*, No. 04-1025 (W.D. Pa. Nov. 23, 2004). Several more have been withdrawn prior to a ruling. *E.g., Shipman v. Inova Health Care Sys.*, No. 1:04-CV910 (E.D. Va., filed August 6, 2004).

## Background

Plaintiff sought treatment at various health facilities owned by ProMedica and was treated without regards to her ability to pay. Plaintiff claims she was later charged an unreasonable fee for those services. Plaintiff contends that ProMedica charges higher prices to uninsured patients than insured patients.

Plaintiff further alleges that, as a result of ProMedica's attempts to collect on its bills, she became unable to pay other medical bills and was terminated as a patient by Maumee OB-Gyn Assoc., a ProMedica office.

ProMedica enjoys federal tax exempt status pursuant to 26 U.S.C. § 501(c)(3). Plaintiff alleges that, as a result of accepting this exemption, ProMedica has entered into a contract to keep its emergency room open to all patients without regards to their ability to pay, provide affordable medical care to all patients, use its assets to provide affordable medical care to uninsured patients, and not pursue outstanding medical debt from its uninsured patients.

On December 16, 2003, AHA sent a letter to Tommy Thompson, Secretary of the Department of Health and Human Services that, according to the plaintiff falsely represented to the Secretary that nonprofit hospitals were prevented from providing discounts to uninsured patients and required them to aggressively collect such "grossly inflated medical debt." (Doc. 1 at 26). Plaintiff also contends that the AHA circulated a white paper to its membership advising them of the same belief and conspired with ProMedica to retain wrongfully tax-exempt status while breaching various contracts.

Plaintiff brings nine causes of action. Six of these are against ProMedica: 1) a third-party beneficiary claim for breach of contract between ProMedica and the federal government pursuant to 26 U.S.C. § 501(c)(3); 2) breach of contract between ProMedica and the plaintiff to charge only fair and

2

reasonable fees for medical care; 3) breach of duty of good faith and fair dealing relating to the breaches alleged in counts one and two; 4) breach of charitable trust pursuant to 26 U.S.C. § 501(c)(3); 5) violation of the Ohio Consumer Sales Practice Act; and 6) unjust enrichment.

Plaintiff brings two claims against the AHA. Count seven is a civil conspiracy charge, and count eight charges the AHA with aiding and abetting ProMedica's allegedly wrongful acts. Count nine seeks injunctive and declaratory relief.

## Discussion

Plaintiff's federal law claims will be dismissed for a failure to state a claim on which relief can be granted because § 501(c)(3) does not create a contract, plaintiff is not a third-party beneficiary, and plaintiff does not have standing. Plaintiff's state law claims will be dismissed without prejudice to a right to refile in state court. Because there are no remaining causes of action, plaintiff's request for declaratory and injunctive relief shall be denied. *See Days Inn Worldwide, Inc. v. Sai Baba, Inc.*, 300 F. Supp. 2d 583, 593 (N.D. Ohio 2004) (declaratory judgment and injunctive relief claims cannot stand on own without underlying claim).

### 1. Third-Party Beneficiary Breach

Plaintiff contends that ProMedica owes her, and other similarly-situated uninsured Americans a contractual duty based on ProMedica's tax-exempt status under 26 U.S.C. § 501(c)(3). Plaintiff alleges that ProMedica breached these duties, for which plaintiff wishes to bring a cause of action as a third-party beneficiary. This is improper.

Plaintiff contends that the tax code creates both a binding contract and an implied cause of action granting private citizens the right to sue for damages. There is no support for either of these contentions.

3

Even if plaintiff were correct on these points, I would also have to find that the plaintiff has standing. She does not.

As a general principle, the tax code is not contractual in nature. *E.G. McLaughlin v. Comm'r of IRS*, 832 F.2d 986, 987 (7th. Cir. 1987). Further, no court has ever held – and I refuse the invitation to be the first – that § 510(c)(3) tax-exempt status creates a contractual obligation. Section 501(c)(3) includes no language specifically indicating congressional intent to create a contract. Without such "clear indication," I must presume that the law "is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise." *Nat'l R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 465-66 (1985).

Plaintiff's reliance on the Hill-Burton Act, 42 U.S.C. § 291 is mistaken. While the Hill-Burton Act, which created some enforceable contractual right, is superficially similar to § 501(c)(3) in that it awarded funds to hospitals serving uninsured or indigent patients, the similarities end there. Hill-Burton provides direct funds; § 501(c)(3) provides tax exemptions. Hill-Burton required applicants to sign a "Memorandum of Agreement" containing express contractual language; § 501(c)(3) status is awarded by the IRS with no such contractual trappings. Hill-Burton provided funds for specific, pre-negotiated purposes; § 501(c)(3) provides tax exemptions for multiple permissible purposes. Hill-Burton provided for a private cause of action to enforce the act; § 501(c)(3) only permits the IRS or the organization seeking the exemption to challenge a determination of eligibility. Therefore, while Hill-Burton created an enforceable contract, § 501(c)(3) does not.

Plaintiff's claim also must fail because there is no cause of action. The tax code does not explicitly create a cause of action to enforce § 501(c)(3). While the code allows the IRS to sue organizations that

4

no longer qualify and permits organizations denied tax-exempt status to sue the IRS (26 U.S.C. § 7428), neither of those causes of action applies here.

Plaintiff contends that there is an implied cause of action under *Cort v. Ash*, 422 U.S. 66 (1975). Even if there were a contract, there is no evidence that Congress intended a private cause of action. Such intent is at the heart of the *Cort* inquiry. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). Where a statute focuses on "the person regulated rather than the individuals protected . . . [there is] 'no implication of the intent to confer rights on a particular class of person.'" *Id.* at 289 (*quoting California v. Sierra Club*, 451 U.S. 287, 294 (1981)).

Here, § 501(c)(3) is aimed entirely at organizations, not patients. It describes who may seek an exemption, not who may receive the benefits of a tax-exempt organization's activities. Section 501(c)(3) did not create a private cause of action.

Furthermore, even if there were a contract and an implied cause of action, plaintiff would not have standing to sue to enforce the contract. As opposed to states, "when members of the public bring suit against promisors who contract with the government to render a public service . . . [they] are considered incidental beneficiaries unless they can show a direct right to compensation. *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997). There simply is no evidence that plaintiff has a direct right to compensation under § 501(c)(3).

Because there is no contract, cause of action, or standing, plaintiff's third-party beneficiary claim shall be dismissed.

## 2. Breach of Charitable Trust

Count four alleges that by accepting § 501(c)(3) tax-exempt status, ProMedica entered into a charitable trust to provide affordable medical care to uninsured patients. ProMedica then allegedly breached that trust by overcharging patients.

I have already held that § 501(c)(3) did not create a contract, and plaintiff has presented no evidence that § 501(c)(3) created a trust. Charitable trusts require express language demonstrating a specific intent to create the trust. Restatement (Second) of Trusts §§ 348-49. There is no such language here, and therefore, no trust.

Even if a trust existed, it would not provide the plaintiff with standing to sue. "As a general rule, no public citizen can sue to enforce a charitable trust merely on the ground that he believes he is within the class to be benefitted by the trust." Bogert, *Bogert's Trusts & Trustees* § 414, at 39. This claim must be dismissed.

### 3. State-Law Claims

Once I dismiss plaintiff's federal claims against ProMedica, only four state-law causes of action remain: breach of contract, violation of a duty of good faith and fair dealing, OCSPA violations, and unjust enrichment. When "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c)(3); *accord Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Therefore, I will exercise my discretion to dismiss these claims against ProMedica without prejudice.

### 4. Civil Conspiracy and Aiding and Abetting

Plaintiff alleges a claim of civil conspiracy against AHA for conspiring with ProMedica to: 1) breach the § 501(c)(3) contract; 2) breach the duty of good faith and fair dealing; and 3) violate the OCSPA. Plaintiff also accuses AHA of aiding and abetting the above acts. Because I have held there is no § 501(c)(3) contract, AHA cannot be held liable for conspiracy or aiding and abetting the alleged breach. Insofar as these claims are based on the breach of the alleged § 501(c)(3) contract, they are dismissed for failure to state a claim on which relief can be granted. Insofar as these claims are based on allegations of underlying state-law violations, they are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### Conclusion

In light of the foregoing, it is hereby

ORDERED THAT:

1) Defendant ProMedica's motion to dismiss counts one and four pursuant to Fed. R. Civ. P. 12(b)(6) be, and the same hereby is granted;

2) Plaintiff's remaining state law claims against ProMedica be, and the same hereby are, dismissed without prejudice to a right to refile in state court;

3) Defendant AHA's motion to dismiss counts seven and eight pursuant to Fed. R. Civ. P. 12(b)(6) be, and the same hereby is, granted insofar as they pertain to the alleged breach of § 501(c)(3).

4) Plaintiff's remaining state-law claims under counts seven and eight be, and the same hereby are, dismissed without prejudice to a right to refile in state court.

So ordered.

/s/James G. Carr

James G. Carr
Chief Judge

8