**GREENE & HOFFMAN**
Professional Corporation
Counsellors at Law

Facsimile
(617) 261-3558
Email
office@greenehoffman.com

125 Summer Street, Suite 1410
Boston, Massachusetts 02110
(617) 261-0040
www.greenehoffman.com

March 18, 2005

**VIA ELECTRONIC FILING**

The Honorable Reginald C. Lindsay
c/o Lisa Hourihan, Courtroom Clerk
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

    RE:    Diane Harrington, On Behalf of Herself and All Others Similarly Situated v.
              Baystate Medical Center, Inc., et al. C.A. No. 1:04-cv-11663-RCL

Dear Judge Lindsay:

      We represent the Plaintiff, Dianne Harrington, in the above-referenced action. Currently, there is a hearing scheduled for April 4, 2005 on the Defendants' motion to dismiss this action.

      As you may be aware, this action is one of many around the country asserting claims on behalf of uninsured patients against hospitals and health care providers. You may also be aware that there was an effort to consolidate these actions via the MDL process, but that this effort was unsuccessful. What has resulted is that a number of federal and state courts have now begun to independently address the sufficiency of the various claims of uninsured patients. In the last several months, it appears that the trend in these cases has been for most or all of the federal claims to be dismissed, and for the cases to continue either in federal court or to be re-filed in state court, proceeding substantially or exclusively on the state law causes of action.

      Following this national trend, and in the interest of narrowing the dispute before the Court, it is the Plaintiff's intention to voluntarily dismiss the federal claims in our action, which are Counts 1, 6, 11 and 12 of the Complaint. As a result, all that would be in issue for the April 4th hearing would be the legal sufficiency of causes of action grounded in state law. We are aware that because there is no diversity jurisdiction in this case, a dismissal of the federal claims would mean that Your Honor may decline to exercise supplemental jurisdiction over these remaining claims pursuant to 28 U.S.C. § 1367 (c)(3). If this were to be the case, this action would be transferred to Massachusetts Superior Court, and there would appear to be no need to hold a hearing on April 4th.

The Honorable Reginald C. Lindsay
c/o Lisa Hourihan, Courtroom Clerk
March 18, 2005
Page 2

      We are providing advance notice of the Plaintiff's intention so that the Court may have ample time to decide how it wishes to proceed. The plaintiff is willing to address whether the Court should exercise supplemental jurisdiction at the April 4th hearing. A decision in favor of supplemental jurisdiction is warranted here based on the amount of time this action has been pending before this Court, the fact that both sides have already briefed the state law issues, and that the interests of judicial economy would be served by having this Court decide the issues, rather than having a different court start from scratch. Moreover, at least one federal judge has elected to exercise supplemental jurisdiction in a similar case where the only remaining claims were under state law. See Burton v. William Beaumont Hosp., 347 F. Supp.2d 486, 499 (E.D. Mich. 2004). It is also our understanding that Judge Rodgers for the Northern District of Florida (Pensacola) has verbally indicated that she intends to rule on state law claims even after dismissing the federal claims in the following two cases: Collins v. Baptist Hospital, Inc., No. 3:04-cv-00276 and Jakubiec v. Sacred Heart Health Systems, Inc., No. 3:04-cv-00274.

      If this Court is similarly inclined to exercise supplemental jurisdiction, Plaintiff is also be prepared to address the merits of her state law claims at the forthcoming hearing and is in all respects prepared to continue the action in the forum she selected. Alternatively, if the Court is disinclined to exercise supplemental jurisdiction, it makes the most sense for the Court to issue such a ruling in advance of the April 4th hearing, and the Plaintiff will refile her state law claims in Massachusetts Superior Court.

      We are available to discuss this matter at the Court's convenience.

                              Respectfully submitted:

                              /s/ Thomas M. Greene
                              Thomas M. Greene

TMG/
cc:    Francis D. Dibble, Jr., Esq., counsel for Defendants
        Carol E. Kamm, counsel for Defendants