

BULKLEY, RICHARDSON AND GELINAS, LLP

LAW OFFICES  
1500 MAIN STREET, SUITE 2700  
POST OFFICE BOX 15507  
SPRINGFIELD, MA 01115-5507

TEL: (413) 781-2820  
FAX: (413) 272-6804

FRANCIS D. DIBBLE, JR.  
DIRECT DIAL (413) 272-6246  
FDIBBLE@BULKLEY.COM

March 23, 2005

*Via Electronic Filing*

The Honorable Reginald C. Lindsay  
Judge of the United States District Court  
 for the District of Massachusetts  
c/o Lisa Hourihan, Courtroom Clerk  
1 Courthouse Way  
Boston, MA  02210

      RE:    Diane Harrington, On Behalf of Herself and All Others Similarly Situated  
               v. Baystate Medical Center, Inc., et al.  
               C.A. No. 1:04-cv-11663-RCL

Dear Judge Lindsay:

      I write in response to a letter from plaintiff's counsel, Thomas M. Greene, in the referenced matter, which was electronically filed with the Court on March 18, 2005.

      Mr. Greene's letter states, among other things, that it is plaintiff's intention voluntarily to dismiss the federal claims in this action.  Plaintiff, however, cannot voluntarily dismiss claims merely by sending a letter to the Court.  Because an answer has been filed in this matter, plaintiff can dismiss her action only by filing, under Fed. R. Civ. P. 41(a)(1)(ii), a stipulation of dismissal signed by all parties who have appeared in the action, or by obtaining by motion, under Fed. R. Civ. P. 41(a)(2), an order of the Court dismissing the action upon such terms and conditions as the Court deems proper.  Plaintiff cannot dismiss less than the entire action against a defendant under Fed. R. Civ. P. 41(a).  A "dismissal" of some, but not all, of her claims must be made by amendment to the complaint, which, at this point, can only be done by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a); 9 Wright & Miller, <u>Federal Practice and Procedure</u>, Civil 2d § 2362 (Supp. 2004).  Prior to filing any motion (whether under Rule 41 or some other rule), plaintiff's counsel is required by Local Rule 7.1 to confer with opposing counsel and attempt in good faith to resolve or narrow the issue.  No such conference has occurred.

BULKLEY, RICHARDSON AND GELINAS, LLP

The Honorable Reginald C. Lindsay
March 23, 2005
Page 2

    We will today call Mr. Greene's office to discuss and attempt to resolve these issues. If we are unable to resolve them, we will be prepared at the hearing scheduled for April 4, 2005 to argue in support of our motion to dismiss.

    Thank you.

               Very truly yours,

                /s/

                Francis D. Dibble, Jr.

FDD/ck
cc:    Thomas M. Greene, Esq., counsel for plaintiff
        Ilyas Rona, Esq., counsel for plaintiff
293225